**J. R. SALMON and wife, Mary Louise Salmon, et al., Appellants,**

v.

**J. B. DOWNING, Appellee.**

No. 5324.

Court of Civil Appeals of Texas.

El Paso.

May 6, 1959.

Rehearing Denied May 27, 1959.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellants.

Marvin C. Hanz, San Angelo, for appellee.

ABBOTT, Justice.

This is a plea of privilege appeal rising out of a suit for personal injuries by J. B. Downing, as plaintiff, against J. R. Salmon, his wife, Mary Louise Salmon, and Mrs. H. G. Wendland, a widow, all doing business as Wendland Manufacturing Company. The defendants, appellants here, duly filed their plea of privilege to be sued in the county of their residence, Tom Green County, Texas. Upon hearing the plea of privilege was overruled, and from such order appeal has been duly perfected to this court. Appellant has not complied with Rule 421 of the Texas Rules of Civil Procedure, but the appellee has not complained.

Appellee, engaged in the water business in Santa Rita, Reagan County, Texas, purchased a water tank from appellant to be delivered in Reagan County. There is evidence that appellee paid for this delivery computed upon a mileage basis. Appellee had been requested by appellant to get some help to assist in unloading the tank. Appellee did this and, under the instructions of appellants' employee or agent, the unloading began. The testimony is that appellants' agent or employee, during the unloading of the tank, shifted position and applied pressure against the tank in such a manner, without warning, as to cause the tank to roll into appellee, knocking him to the ground and injuring him. There is testimony that the truck was equipped with a winch, and also testimony by appellants' employee that the tank could not be unloaded with the winch, as it would damage the tank. The trial court overruled the plea of privilege, and appellants bring three points of error:

"First Point

"The trial court erred in overruling appellants' plea of privilege since no exception to exclusive venue in the county of one's residence provided by law exists in this cause.

"Second Point

"The trial court erred in overruling the plea of privilege since appellee as plaintiff failed to prove actionable negligence as required under Subdivision 9a.

"Third Point

"The trial court erred in overruling the plea of privilege since the evidence, including that of plaintiff himself, uncontrovertedly establishes that plaintiff was a temporary or borrowed servant of defendants and hence not entitled to maintain a common-law action against them, in the face of their protection by workmen's compensation insurance."

We will consider all three points together, as both appellant and appellee have done. Appellants, in their plea of privilege, allege their residence to be in Tom Green County, Texas, and further, that no exception to the exclusive venue statutes in the county of one's residence, provided by law,

exists in said cause. Appellee's controverting plea alleges that exceptions do exist under Article 1995, Vernon's Ann.Civil Statutes, subdivisions 9 and 9a. These two subdivisions are:

"9. Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile. As amended Acts 1947, 50th Leg., p. 739, ch. 366, ¶ 1."

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence, are:

"1. That an act or omission or negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was the proximate cause of plaintiff's injuries. Added Acts 1953, 53rd Leg., p. 390, ch. 107, ¶ 2."

It has long been held by our courts that the right to be sued in one's county of residence is a valuable right, and should never be abridged unless there is clear and convincing proof that an exception to the general rule exists, as set out in Article 1995, Vernon's Ann. Texas Civil Statutes. Clyde Yarbrough, Inc., v. Browing-Ferris Machinery Co., Tex.Civ.App., 284 S.W.2d 225.

The trial court found that an exception to the venue statute did exist. We believe that the testimony of the plaintiff and witnesses, Klahr and Edgar, justified such a finding under Article 1995, subsection 9a, Vernon's Ann. Civil Statutes. As stated in Gibson v. Robert Lange, Inc., Tex.Civ. App., 310 S.W.2d 623, the appellate court would not be justified in reversing the lower court if there was any evidence which would support the trial court's findings and order, provided it is not so against the great weight and preponderance of evidence as to vitiate the finding on actionable negligence.

Appellants' third point of error alleges appellee to be a temporary or borrowed servant and, hence, not entitled to maintain a common-law action. This contention must also be overruled. Appellee was the owner of the tank in question and paid for the delivery of the tank. This position of the appellee distinguishes the present case from Process Engineering Company of Fort Worth v. Rosson, Tex.Civ.App., 287 S.W.2d 511, and Gibson v. Robert Lange, Inc., supra, cited by appellant. In those cases the injured employee was actually an employee of a master and received the benefits of the workmen's compensation law, followed by a third-party suit. The facts in the case at bar present an entirely different situation. Appellee was furthering his own interests in helping unload his own tank. Restatement of the Law, Agency, sec. 484; Stephens v. Mendenhall, Tex.Civ.App., 287 S.W.2d 259, at page 265 (and other cases cited therein).

For the reasons stated, we affirm the judgment of the trial court.