James YARBROUGH, Appellant,

v.

A. M. TEAGUE, Appellee.

No. 3602.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1960.

Rehearing Denied Jan. 6, 1961.

Turner & Seaberry, Eastland, for appellant.

John O. Harris, Coleman, for appellee.

WALTER, Justice.

This is a venue case. A. M. Teague filed suit in Brown County against James Yarbrough for damages to his truck which was burned in Brown County. Yarbrough filed a plea of privilege to be sued in Callahan County, the county of his residence. Teague controverted said plea, contending that exception 9a of Article 1995, Vernon's Ann.Civ.St., was applicable. The court overruled the plea of privilege. Yarbrough has appealed from such judgment contending the court erred in overruling his plea of privilege.

We find the general and familiar rule of venue stated by our Supreme Court in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, 972, as follows: "The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the

rule. Stated differently, the application of the exception must clearly appear." This statement by Judge Gallagher was approved by the Commission of Appeals in Compton v. Elliott, 88 S.W.2d 91, 95, wherein it stated that: "Judge Gallagher, writing the opinion in Fagg v. Benners, (Tex.Civ. App.), 47 S.W.2d 872, 874, said: 'Appellant's plea of privilege merely placed upon appellee the burden of proving one or more of the grounds of venue alleged in his controverting affidavit by a preponderance of the evidence, which means the greater degree and weight of credible testimony.' "

The venue facts necessary for the plaintiff to prove by a preponderance of the evidence are that the alleged negligence of the plaintiff or his agents occurred in Brown County and that such negligence was a proximate cause of his damages. The parties will be designated as they were in the trial court.

The plaintiff sought a recovery under the doctrine of res ipsa loquitur and pleaded in the alternative negligence on the part of the defendant in failing to watch for fire, failing to warn employees of the fire, failing to inspect the premises for fire, failing to repair the tractor, operating a defective tractor, failing to extinguish the fire, which had been started by the tractor, and dropping lighted cigarettes in the grass. The only question is whether the evidence raised an issue of fact and supported the court's implied findings of negligence and proximate cause.

In the case of Texas & Pacific Ry. Co. v. Brandon, Tex.Civ.App., 183 S.W.2d 212, 214 (Writ Ref.), this court said: "it is also the law in this state that 'although it is necessary for the plaintiff to trace the fire to the railroad, it is not necessary that evidence should exclude all possibility of another origin, but it is sufficient if all the facts and circumstances fairly warrant a conclusion that the fire did not originate from some other source.' " See also 19 Tex.Jur. p. 681, § 23. A cause of action can be established by circumstantial evi-

dence. "To establish a fact by circumstantial evidence, the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit of a purely speculative conclusion. The circumstances relied on must be of such a character as to be reasonably satisfactory and convincing, or, as it has been said, sufficient reasonably to produce belief of the existence of the fact which is sought to be shown by them. At all events they must not be equally consistent with the nonexistence of the ultimate fact. * * * The circumstances relied on must be proved by direct evidence, they may not, it seems, exist merely by inference or presumption. No safe conclusion, so it is said, can be deduced from circumstantial evidence if it be left reasonable to suppose that the circumstances themselves are not proven." 17 Tex.Jur. pp. 908 and 909.

The plaintiff is in the drilling business and employed defendant to dig some pits for him on the Hunter lease near Cross Cut in Brown County. Defendant moved in and dug one pit and made a trip or two through another pit and left the tractor in a pit when he quit. The fire occurred the next morning. Plaintiff's winch truck that burned was parked about 50 feet from the pits. Defendant was operating an HD–11–Allis Chalmers tractor and was using diesel for fuel. Plaintiff and his crew left the location about eight o'clock on the morning of the fire and returned about ten o'clock that morning. The fire that burned plaintiff's truck was started in some manner during plaintiff's absence. The plaintiff saw tracks of the tractor about the center of the burned area when he returned at ten o'clock.

The plaintiff had the burden of tracing the fire to the defendant's tractor. There was no direct evidence that the tractor started the fire. Has the plaintiff established by circumstantial evidence that the fire that destroyed his property was ig-

nited by flame or carbon slugs from the defendant's tractor? The defendant testified that the tractor had a cracked head; that any tractor that burns diesel and has governors will throw flames out the exhaust pipe; that the flames under certain conditions would be sufficient to ignite fire in grass and weeds if they were next to the exhaust pipe. The plaintiff testified that the evening before the fire occurred the following morning the tractor was "loading up" and throwing flames and carbon slugs; that carbon slugs were hot when the motor is running; that he does not know what caused the fire and knows of no witnesses to the fire.

After carefully considering the evidence and viewing it in the light most favorable to the judgment, we have concluded plaintiff has failed to trace the fire that burned his truck to the defendant's tractor and has, therefore, failed to establish negligence and proximate cause.

Judgment is reversed and the cause is remanded.