Jack **HITCHCOCK**, W. A. McElroy, et al., Appellants,

v.

.Mrs. Jessmyr Wasson **PEARCE**, Individually and as Administratrix of the Estate of Ben Gene Pearce, Deceased, Appellee.

No. 3822.

Court of Civil Appeals of Texas.

Waco.

April 20, 1961.

Touchstone, Bernays & Johnston, Dallas, W. O. Shultz, II, Asst. Atty. Gen., for appellants.

Bradley & Geren, Groesbeck, W. F. Leigh, Pecos, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Limestone County, overruling a plea of privilege filed by defendants McElroy and Ward, to be sued in Tarrant County, and involving Exceptions 9a, 3, and 29a of Article 1995, R.C.S. Parties will be referred to as in the Trial Court.

Plaintiff, Mrs. Jessmyr Wasson Pearce, individually and as administratrix of the estate of Ben Gene Pearce, brought suit under the Death Statute (Art. 4671, R.C.S.), for the death of her husband, Ben Gene Pearce. Plaintiff is a resident of Limestone County and alleged that her husband was an employee of the Texas State Highway Department, performing his duties as such on 14 July, 1960, in Limestone County, when defendant Hitchcock, driving the truck of defendants McElroy and Ward, in the course of his employment, ran over and killed him. Plaintiff alleged that defendants were guilty of numerous acts of negligence, including 1) failure to keep a proper lookout, 2) failure to timely apply brakes, 3) driving on the left side of the road in violation of Article 801(A), Penal Code State of Texas.

Defendants McElroy and Ward filed plea of privilege to be sued in Tarrant County, the county of their residence. Plaintiff controverted the plea of privilege, alleging venue was in Limestone County under Exceptions 9a, 3, and 29a of Art. 1995, R.C.S.

Trial was before the court without a jury, which, after hearing, overruled defendants' plea of privilege.

Defendants appeal, contending the Trial Court erred in holding that the evidence presented by plaintiff was sufficient to prove that defendant's employee, Hitchcock, was negligent in the operation of defendant's truck, and that such negligence was the proximate cause of the death of plaintiff's husband, as required by Subdivision 9a, Article 1995, V.A.C.S.

To maintain venue in Limestone County under Subdivision 9a, Article 1995, V.A.C.S., it was necessary that plaintiff plead and prove that defendant or defendant's employee, agent, or servant, committed acts of negligence in Limestone County, proximately causing plaintiff's husband's injuries and death. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

In the case at bar, plaintiff plead that defendant's employee, agent, and servant, Hitchcock, ran over and killed her husband in Limestone County; and, among other things, that Hitchcock was guilty of failing to keep a proper lookout, failing to timely apply the brakes, and was driving on the left side of the road, in violation of Article 801(A), Penal Code State of Texas, all of which were acts of negligence proximately causing the injury and death of her husband.

Defendants admitted that plaintiff's husband was run into and killed by a truck owned by them and driven by their servant, agent and representative, Hitchcock, while acting within the scope and course of his employment for them, and for their benefit; and that the fatal injury occurred in Limestone County, Texas. The evidence is undisputed that driver Hitchcock had an unobstructed view of the roadway at the point where the accident occurred; and that Hitchcock did not stop the truck for some 135 feet from the point of impact. It is undisputed and admitted that defendants' driver was driving on his left-hand side of the road and that the point of impact was on such driver's left-hand side of the road, all in violation of Article 801(A), Texas Penal Code.

Plaintiff has discharged her burden to plead and prove defendants' negligence, occurring in Limestone County, proximately caused her injuries.

The judgment of the Trial Court is affirmed.