## PRODUCERS CHEMICAL COMPANY,
### Appellant,

v.

### Billy Allen STAMPS, Appellee.

### No. 7045.

Court of Civil Appeals of Texas.

Amarillo.

April 24, 1961.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

J. D. Crow, Canadian, for appellee.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for intervenor.

NORTHCUTT, Justice.

This is a plea of privilege case. This suit was brought by Billy Allen Stamps, hereinafter referred to as appellee, seeking to recover damages against Producers Chemical Company, hereinafter referred to as appellant, for personal injuries received by appellee. Appellee is a resident of Hemphill County, Texas. Appellant is a Texas corporation having its principal office and place of business in Hutchinson County, Texas. Appellee brought this suit in Roberts County, Texas alleging that on or about March 13, 1959 he was employed as a roughneck by Canadian River Drilling Company of Amarillo, Texas and was working on said company's oil well drilling rig which was engaged in drilling an oil well on the Hutch Moore lands in Roberts County, Texas, that an explosion occurred at such place on said date which caused his injuries and damages set forth.

Appellee pleaded the rig where he was working was using compressed air as a vehicle for carrying the cuttings from the hole being drilled, which air was being

supplied by an air compressor then and there owned and operated and under the sole supervision of the appellant, Producers Chemical Company. Appellee further contended appellant allowed the compressor to compress air into the lines at a pressure of at least 1,000 pounds, which air by reason of said compression had become heated, and when the same reached a critical point it combined with diesel fuel or lubricating oil which had entered said line through the appellant's compressor and exploded with great force and violence shattering said line into small fragments and propelling them throughout the area where the rig was located and causing a blast which appellee alleged caused his injuries.

Appellant filed its plea of privilege to have the case removed to Hutchinson County, Texas where it has its principal office and place of business. Appellee filed his controverting plea seeking to retain the case in Roberts County under Sections 9a and 23 of Art. 1995, R.C.S. of Texas. The trial court overruled the plea of privilege and from that order the appellant perfected this appeal.

Appellee pleaded the appellant was negligent in the following particulars and such negligence was a proximate cause of the appellee's injuries and damages, viz.:

"(a) In allowing its compressor to accumulate a pressure in the lines in excess of 1000 pounds;

"(b) In operating said compressor when the same was leaking lubricating oil through its pistons into the air line;

"(c) In pouring diesal fuel into said compressor so that it entered into the air line;

"(d) In operating said compressor when the same was without safety device or devices to prevent accumulation of air pressure in excess of 1000 pounds;

"(e) In operating said compressor when the same had no device or devices for cooling the compressed air entering the line;

"(f) In having an inexperienced operator in control of said compressor;

and each of such acts of negligence and all of the same, taken severally as well as collectively, was the proximate cause of the plaintiff's injuries and damages as hereinafter set forth."

Appellant presents this appeal upon two points of error. By appellant's first point it is contended venue can not be sustained in Roberts County under Section 23 of Art. 1995 because appellant did not have in Roberts County an agency or representative within the meaning of Section 23. Appellee did not seek to hold venue in Roberts County because appellant had an agent in Roberts County, but sought to maintain venue in Roberts County under that portion of Section 23 which provided suits against a corporation in the county in which the cause of action or part thereof arose. The suit was not brought in the county where appellee resided but was filed in the county where the accident happened and where appellee was injured. We overrule appellant's first point of error.

By appellant's second point it is contended venue can not be sustained in Roberts County under either the remainder of Section 23 or Section 9a of Art. 1995 because both subdivisions require a prima facie showing of negligence imputable to defendant and because the record fails to demonstrate the breach by defendant of any duty to anyone and that the necessary showing was not made.

It was held in the case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, at page 95:

"(1) The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception in article 1995 that is applicable or ap-

propriate to the character of suit alleged in plaintiff's petition.

"(2) The venue facts which a plaintiff is required to plead and prove under exception 9 are that the crime, offense, or trespass was in fact committed and that it was committed in the county where the suit is pending.

"(3) On the hearing of the plea of privilege, the issue made is tried in the ordinary way and the truth as to the fact or facts is ascertained by the introduction and weighing of evidence offered by both parties.

"(4) On appeal from a judgment sustaining or overruling a plea of privilege, the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case."

■ Under Section 9a of Art. 1995 a suit based upon negligence may be brought in the county where the act or omission of negligence occurred. Consequently, under the provisions of Section 9a, the facts necessary for appellee to have established by the preponderance of the evidence to sustain venue in Roberts County are that an act or omission of negligence occurred in that county; that such act or omission was that of the appellant or that of its servant, agent or representative acting in the scope of his employment and that such negligence was a proximate cause of appellee's injuries. In other words, appellee had the burden of proving his alleged cause of action in order to maintain venue in Roberts County. Magnolia Petroleum Company v. Heldt, Tex. Civ.App., 236 S.W.2d 255.

It is undisputed that appellee was working for the Canadian River Drilling Company in Roberts County when he was injured. The appellee's injuries and damages occurred by virtue of an explosion that happened where he was working in Roberts County. Section 23 of Art. 1995 states suits against a private corporation may be brought in the county in which the cause of action or part thereof arose. Then we must determine if appellee pleaded and proved by a preponderance of the evidence that there was an act or omission of negligence on the part of appellant or that of its agent or representative acting within the scope of his employment and that such negligence caused the explosion.

■■ It is undisputed that Sears, with the Canadian River Drilling Company, ordered the compressor; but the testimony establishes that Mr. Sears did not have anything to do with the compressor any more than ordering it out to the job. Mr. McDonald, employee of appellant, was in charge of the compressor and knew the compressor had built up pressure in excess of 1,000 pounds, and it was soon after it built up that amount of pressure that the explosion took place. Mr. Watkins, President of appellant, testified that when you increase the pressure on air the temperature increases, and if there is a hydrocarbon present, with sufficient temperature and sufficient pressure, there should be an explosion, and that a hydrocarbon would be such a matter as either diesel or lubricating oil. There is evidence that there was some oil whereby the compressed air would cause this explosion. We think there was competent testimony to support the judgment overruling the plea of privilege. There were no fact findings filed and none were set out in the judgment, and we must presume the trial court resolved all issuable facts in such a way as to support the judgment entered. McElyea v. Bowles, Tex. Civ.App., 233 S.W.2d 482.

As to the contention of appellant that the record fails to demonstrate the breach by appellant of any duty to anyone, we think, if the matters alleged were true, that appellant's agent, knowing the workmen on the well being drilled might be injured if there should be an explosion, owed a duty to the men on said drilling rig. Roosth & Genecov Production Co., Inc. et al. v. White, et al., 152 Tex. 619, 262 S.W.2d 99 by the Supreme Court.

Considering this entire record, there seems to be sufficient evidence, if construed as we must presume the trial court considered it, to support the judgment entered overruling the plea of privilege. The judgment of the trial court is affirmed.