REYNOLDS & HUFF et al., Appellants,

v.

David D. WHITE, Jr., et al., Appellees.

No. 42.

Court of Civil Appeals of Texas.

Tyler.

May 7, 1964.

Jack Flock, Ramey, Brelsford, Hull & Flock, Tyler, for appellants.

Glynn W. McDonald, Combs & Mitchell, Houston, for appellees.

DUNAGAN, Chief Justice.

This is a venue case. Appellants appeal from an order of the court below overruling their pleas of privilege to be sued in Smith County, Texas, the county of their residence. The appellees filed their controverting affidavit based solely upon Exception 9a of Article 1995, Vernon's Ann. Tex.Rev.Civ.St.

By their Third Amended Original Petition, the appellees brought suit against appellants in the Third District Court of Anderson County, Texas, seeking to recover against appellants money damages for bodily injuries and property damage allegedly sustained by appellees when a motor vehicle being operated by appellee Margaret White was driven off the hard surfaced portion of a highway which was under construction in Anderson County, Texas. Appellees specifically alleged two acts of negligence against appellants, namely, (1) "In failing to give adequate warning of the soft and defective condition of the shoulder of the highway" and (2) "In failing to properly shore up the shoulder of the roadway."

Appellants, Mary O. Huff, Independent Executrix of the Estate of W. A. Huff, deceased; and Reynolds & Huff, a partnership composed of Smith P. Reynolds and W. A. Huff (deceased), timely filed their pleas of privilege, seeking to transfer the cause to Smith County, Texas, the county of the residence of all appellants. The pleas of privilege filed by appellants were timely controverted by appellees and in each instance appellees set out and relied upon Exception 9a to Article 1995 as the basis for holding the case in Anderson County, the county where the suit was instituted. No other exception to the Venue Statute is relied upon by the appellees.

The only evidence offered by appellees upon the hearing of this matter consisted of some responses of appellants to request for admissions, the oral deposition of Henry T. Campbell (admittedly an employee and servant of appellants) and the oral testimony of appellees, Margaret White and husband, David D. White, Jr. At the conclusion of the evidence, appellants timely moved the court to enter an order sustaining the pleas of privilege and transferring the case to the District Court, Smith County, Texas, on the grounds that appellees had wholly failed to sustain their burden and that there was no competent evidence of probative force raising an issue of actionable negligence against appellants. The trial court overruled appellants' pleas of privilege and appellants have perfected their appeal to this court.

It is undisputed that during August, 1960, and prior thereto, Reynolds & Huff, a partnership, as prime contractors, was engaged in the performance of a contract with the State of Texas whereunder 6.3 miles of U. S. Highway No. 79 between Palestine and Jacksonville, Texas, was being constructed. Such work consisted of grading, structures, flexible base and two-course surface treatment. At the time of the accident here involved, work on this highway was eighty-five percent (85%) complete. Specifically, the paved, or hard-surfaced portion was complete except for the top coat. The shoulders of the roadway were complete except for grass seeding. Such work had been completed at least thirty (30) days prior to the accident. The

highway was open to the traveling public. All warning signs required by the contract with the State were up in the area. No complaint has been made that appellants had not fully complied with the contract insofar as warning signs are concerned. There were erected the usual barricades on each end of the job with the following warning to the public: "Construction, drive carefully, observe warning." There were signs along the section under construction advising the public that the speed limit was 40 miles per hour. The driving area of the hard surfaced portion was twenty-six (26) feet wide. Additionally, there were shoulders of about eight (8) feet on each side. These shoulders were topped with white rock, being a different color from the black-topped highway. The dirt (shoulders) was in good shape and pretty firm; however, it had rained earlier in the day. As to the condition of the highway at the place and time of the accident appellee Mrs. White testified as follows:

"Q Now, what was the condition of the highway on that afternoon, what generally was the condition of the highway?

"A The condition, well, let's see, we stopped in Jacksonville and it was raining a little there. It had been raining I think, along this road, but it wasn't at the time and the sun was hot. As far as I can recall, the pavement, there wasn't any puddles and the road was smooth."

Appellees reside in Rockdale, Milam County, Texas. A few days prior to the accident Mr. and Mrs. White had gone to Monroe, Louisiana, to visit relatives. While in Monroe, appellee David White, Jr., purchased a panel truck and decided to drive it home, permitting his wife, Margaret White, to follow him in their Pontiac. Their infant son was riding with his mother. While thus proceeding on U. S. Highway No. 79, and as the vehicles approached Palestine, Texas, the accident occurred about middle ways on that portion of the highway under construction. It was about 5 o'clock p.m. and was still daylight. The weather was clear, although it had been raining earlier in the day. No other vehicles were involved in the accident and for some reason unknown to appellees, and not appearing in the evidence, Margaret White drove her vehicle off the hard surfaced portion of the highway and traveled some distance along the shoulder before her vehicle finally went into a ditch and struck a culvert. Indisputably both Margaret White and son received some injury. There were no witnesses to the accident other than Margaret White. Appellee Margaret White admits she does not know what happened or what caused her car to leave the hard surfaced portion of the roadway. There is no evidence that she intended to drive off the paved portion.

The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's residence, must allege, and prove by a preponderance of the evidence if a plea of privilege is asserted, are those which are stated in the particular Exception of Article 1995 relied upon by plaintiffs.

■ It is well settled that "with the venue challenged, under proper plea, by one sued without his county, * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff." Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Com.App.).

■ When a plea of privilege is filed, a plaintiff seeking to retain venue in the county other than the county of a defendant's residence, has the burden of establishing by a preponderance of the evidence the existence of the venue facts in compliance with the requirements of some subdivision of Article 1995, T.R.C.S. In the instant case, appellees sought to maintain venue in the county where suit was brought under the provisions of Section 9a of the statute. The venue facts which plaintiffs

had the burden to establish in order to retain venue in Anderson County therefore were (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such act or omission was that of the defendants, in person, or that of their servant, agent or representative acting within the scope of his employment; and (3) that such negligence was a proximate cause of the injuries sustained. Hitchcock et al. v. Pearce, Tex.Civ.App., 348 S.W.2d 408; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

It is undisputed that the defendants were the contractors doing the work on the section of road under construction. The remaining venue facts which appellees had the burden to establish were that the defendants were guilty of some act or omission of negligence and that such negligence proximately caused the accident and injuries complained of. Watkins et al. v. Goolsby et al., Tex.Civ.App., 337 S.W.2d 363; Producers Chemical Company v. Stamps, Tex. Civ.App., 346 S.W.2d 162; Yarbrough v. Teague, Tex.Civ.App., 341 S.W.2d 478; Magnolia Petroleum Company v. Heldt, Tex.Civ.App., 236 S.W.2d 255.

It is appellees' contention that the failure of the appellants to post warning signs of the alleged dangerous soft condition of the shoulders constituted negligence and a proximate cause of the injuries sustained.

Appellee Margaret White testified that at the time and immediately prior to the accident she was driving along at a speed between 40 and 45 miles per hour and for simply no reason at all a wheel dropped off the pavement and onto the dirt and shoulder. She further testified as follows:

"A Well, I was driving along, just like I had been for simply no reason at all, a wheel dropped off of the pavement and that's all I know.

"Q Now, you say a wheel dropped off of the pavement?

"A It lurched, it was just a tremendous noise and a jolt, the wheel just went off and—

"Q Off of the pavement and on to the dirt and shoulder?

"A Yes.

"Q Now, what happened when that happened, Mrs. White, what happened to your car, what happened to you, if you know?

"A I was unconscious when I came to, I mean, I had been unconscious when I came to and I don't know.

"Q All right. Now, did you realize, recognize that you were in an area of the road that was under construction at the time this accident occurred?

"A Yes.

"Q How did you know that, Mrs. White?

"A There was a warning sign at the beginning of the construction area."

On cross-examination Mrs. White gave the following testimony:

"Q Mrs. White, you had gone over that highway on Friday before this occurred on Monday?

"A Yes, sir.

"Q And now this hard surface portion, part of the highway, that was—you could tell you were on the hard surface portion, could you not?

"A Yes, sir.

"Q And you had no difficulty driving on the road, did you?

"A No.

"Q The road was about, do you know about how wide it was?

"A It was a wide road, sir.

"Q And you had been driving on this concrete part, I mean the hard surface portion about how far?

"A The construction area?

"Q Yes.

"A Two or three miles.

"Q Two or three miles. You had no difficulty driving on it.

"A No, sir.

"Q There was nothing in the roadway, like a rock or anything to block your view?

"A No, sir.

"Q You were meeting no traffic?

"A I don't know that I was.

"Q And just for some reason, which you say you didn't know why, your car went off of the side of the road and hit a culvert, did it not?

"A Yes, it did.

"Q When you gave your deposition here Mrs. White, with your attorney and myself and the court reporter, did you or not testify that you did not know how come you to drive off of the hard surface portion of the roadway?

"A No.

"Q You didn't testify to that?

"A Sir, I don't know why. Yes, I did testify to that.

"Q You did testify to that, and that's true isn't it?

"A Yes, it is, sir.

"Q The hard surface portion looked perfectly all right to you on that occasion, didn't it, Mrs. White?

"A Yes, it did.

"Q There wasn't anything wrong with the roadway that you know or can testify or tell the Court right now, so far as the hard portion is concerned?

"A The hard surface was smooth.

"Q You don't know of anything that was wrong with the hard surface portion of the roadway, do you?

"A There was nothing wrong with the hard surface of the road.

"Q You are not claiming that there was anything wrong with the hard surface portion of the roadway, are you?

"A The surface of the road, the hard surface was smooth. It wasn't bumpy. It was smooth.

"Q I think you have testified that a wheel, that suddenly a wheel went off of the hard surface portion and you don't know why it went off.

"A Yes, it dropped off.

"Q Did you give such testimony that you don't know why?

"A That's right. For no reason."

 It is so well established as the law of this state that a defendant in a case has the right to be sued in the county of his domicile unless one of the exceptions of Article 1995, T.R.C.S., applies that it is unnecessary to cite any authorities. Since appellees seek to hold venue in Anderson County under Section 9a of Article 1995, they must show the application of the section relied upon. It is stated in Goodrich v. Superior Oil Company, 150 Tex. 159, 237 S.W.2d 969, as follows:

"The general rule of venue is, of course, that a defendant shall be sued in his own county, and however many and important are the exceptions contained in the statute, an equal doubt between the exception and the rule is to be resolved in favor of the rule. Stated differently, the application of the exception must clearly appear."

See also Casares v. Pioneer Casualty Company, Tex.Civ.App., 366 S.W.2d 652; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825.

 It is well settled that with the venue challenged, under proper plea, by one sued without his county, the burden not only to allege, but to prove that the case is with-

in one of the exceptions to the statute rests on plaintiff \* \* \* and to defeat the plea of privilege, he must both plead and prove the facts relied on to bring the case within one of the exceptions. In short, a plaintiff seeking to maintain venue in another county must prove by a preponderance of the evidence the facts that bring his cause within one of the exceptions to Article 1995. Proof of the fact of the negligence (and that it was a proximate cause) is as essential as is proof of the place where it was committed. The negligence, together with proximate cause, is under the terms of this exception a part of the venue facts. Lynch et al. v. Millican et al., Tex.Civ.App., 304 S.W.2d 410.

■ The Texas courts have held repeatedly and consistently that the legal right of a defendant to be sued in the county of his residence is a valuable right of which he may not be deprived unless the case filed against him comes clearly within one of the exceptions found in the Venue Statute. Munn v. Mohler, Tex.Civ.App., 251 S.W. 2d 801; Salmon v. Downing, Tex.Civ.App., 324 S.W.2d 328; Gehl Bros. Mfg. Company v. Price's Producers, Inc., Tex.Civ. App., 319 S.W.2d 955; Big Three Welding Equipment Company v. Reeh et al., Tex. Civ.App., 301 S.W.2d 504; Lewis et al. v. Parish, Tex.Civ.App., 278 S.W.2d 507.

■ It is a fundamental rule of law, established by our Supreme Court, that venue may not be established by implication. Burtis v. Butler Bros., supra; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Ferrier et al. v. Caprock Machinery Company, Tex.Civ.App., 350 S.W.2d 224.

■ Standing alone, appellee Margaret White's testimony proves only that an accident happened. The occurrence of an accident, or a collision, is not of itself evidence of negligence. Davis v. Castile (Tex.Com. App.) 257 S.W. 870; Phillips v. Citizens' National Bank (Tex.Com.App.) 15 S.W.2d 550; Rankin, et al. v. Nash-Texas Company et al., Tex. Com.App., 105 S.W.2d 195;

Conner v. Chatman, et al., Tex.Civ.App., 272 S.W.2d 136.

■ Appellee Margaret White admitted that she did not know what caused her to drive off the roadway and into the culvert. Appellees failed to offer any evidence of any defective condition of the roadway. Appellees knew that the road was under construction. The hard surfaced portion of the roadway was adequate and indisputably was in good condition. Appellee Margaret White did not testify that there was any reason for her to drive her vehicle off the hard surfaced portion.

This is not a case where the automobile was driven off the roadway onto the shoulder intentionally and purposely, the driver thinking the shoulder to be in safe condition; but to the contrary, Mrs. White drove her automobile off the hard surfaced portion of the roadway and onto the shoulder unintentionally, unknowingly, and accidentally across the shoulder of the highway into a culvert, causing the injuries complained of.

With reference to proximate cause, appellants say that the situation presented by the record before this court is exactly the same as was presented in the case of Hopper v. J. C. Penney Company, Tex.Civ.App., 371 S.W.2d 750, Err.Ref. n. r. e. In that case the plaintiff sued for damages for bodily injuries sustained when she fell from a stairway in defendant's premises. Plaintiff was on the landing at the top of some stairs in defendant's retail establishment preparing to descend or was in the act of descending the same. The type of hand rail provided was obsolete and was so located that the plaintiff had to reach forward and downward and around a post in order to grasp the same before stepping on the first step below the landing. Plaintiff admitted that she *did not know what caused her to fall.* The court held that the plaintiff had failed to introduce evidence sufficient to raise an issue of fact upon the matter of whether the defendant's dereliction of duty, if any, amounted to a proximate cause of

her injury. At Page 752 of the Opinion, the court states as follows:

"In other words, we are left to speculate whether her hand failed to reach the handrail toward which she was reaching, or grasped the same only to have her hand slip; whether she missed the first step or stepped thereupon only to have her foot slip, her ankle turn, her heel or toe to catch in some obstruction, etc. Therefore plaintiff failed to show any causal connection with the negligence or dereliction in duty on the part of the defendant, if any. The evidence proves only the fact of her accident, not the cause. In such a case a plaintiff cannot be said to have made out a prima facie case."

It is apparent that, if appellee Margaret White herself does not know what caused her vehicle to leave the roadway and there being no testimony from any other source as to why, the trial court was left to speculate and guess as to any causal connection with the negligence or dereliction in duty on the part of the defendants, if any.

We are of the opinion the necessary facts to hold venue in Anderson County were not shown.

We next consider the appellants' complaint that the trial court erred in admitting into evidence the deposition testimony of witness, Henry T. Campbell, to the effect that there had been other accidents on this highway, over appellants' objection that such testimony was irrelevant and immaterial in the case and that appellees had not laid a proper predicate therefor.

Having already determined that the facts are not sufficient to hold venue in Anderson County, we do not consider it necessary to discuss this point, but in view of the probability of a trial of this case on its merits, we will do so.

By deposition, appellees offered the following testimony from witness Henry T. Campbell:

"Q Mr. Campbell, had there been any other accidents on this highway prior to this accident, where a car had gotten off of the highway onto the unpaved shoulder?

"A Yes, I believe there had.

"Q One or more than one?

"A About two.

"Q About two. When were those, approximately?

"A Well, I couldn't say just what date it was."

Appellants objected to this evidence on the grounds that evidence of other accidents on the highway would be irrelevant and immaterial unless appellees had first laid a proper predicate for its admissibility by showing that the accident happened near the time of the one under consideration and essentially at the same place and under substantially the same conditions. Such objections were overruled by the court.

It has long been a settled rule in Texas that evidence of similar accidents is inadmissible on the issue of whether a party has been negligent in doing or not doing a particular thing. An exception to this rule exists where a proper predicate has been laid showing that the unrelated accident occurred at the same place under substantially similar circumstances or by means of the same instrumentality. In Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017, the court holds as follows:

"[E]vidence of similar transactions or conduct on other occasions is not competent to prove the commission of a particular act charged 'unless the acts are connected in some special way, indicating a relevancy beyond mere similarity in certain particulars.'"

In Team et al. v. Texas & P. Ry. Co., Tex. Civ.App., 199 S.W.2d 274, writ ref. n. r. e., the court held that proof relating to other

accidents must not be too remote. In Acme Laundry Company v. Ford, Tex.Civ.App., 284 S.W.2d 745, writ ref. n. r. e., it was held that evidence that persons bumped into a glass panel prior to accident had no material bearing on question of defendant's negligence, in the absence of evidence disclosing circumstances under which they bumped into the window. In Missouri-Kansas-Texas Railroad Company of Texas v. McFerrin, Tex.Civ.App., 279 S.W.2d 410 (reversed on other grounds), the court held that testimony as to other accidents and near accidents is admissible if conditions existing at the time of such accidents or at the time of encountering such difficulties are reasonably similar to those existing at the time of the accident in suit. This rule finds support also in Texas & N. O. R. Co. v. Pool, Tex.Civ.App., 263 S.W.2d 582, no writ history; and Missouri, K. & T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S.W. 568.

In Shelley v. City of Austin, 74 Tex. 608, 12 S.W. 753, the Supreme Court held that the trial court correctly refused to permit a plaintiff to prove that previous to the date of the injury to plaintiff a witness had fallen into the same hole where plaintiff was injured and that the city had notice of this fact and had not repaired the place. The court pointed out that the witness had fallen from the foot bridge, whereas the plaintiff had fallen from another portion of the bridge. The court held that such evidence would not tend to show that the wood bridge was unsafe for travel on horseback. In other words, the proper predicate had not been laid by showing that the accident happened at the same place. This rule of law is further supported by the case of J. C. Penney Company v. Norris, U.S. C.A., 5th Cir., 250 F.2d 385 (1957). That action was one by the plaintiff for bodily injuries when she slipped on a bottle cap while descending the stairway in defendant's store. Plaintiffs offered evidence that another woman had fallen on those steps some seven months earlier. The court held that such evidence was not admissible, and in that connection the court stated as follows:

"Clearly the fact that another woman had fallen, without any evidence as to what had caused the fall, was irrelevant to the issue of the time this bottle cap remained on the step in this case, which is the only claimed basis of negligence resulting in the injury. For all that appears in this record the earlier fall may have been due entirely to the fault of the invitee, since no effort was made to show the true facts."

The appellees in this case offered no testimony showing that the condition of the highway at the place where Mrs. White drove her car off the paved portion thereof was in the same condition at any time when any other accident occurred at any other place on the highway. Neither was there any testimony showing as to when the other accidents occurred, the manner in which they occurred or that the conditions were similar in any regard.

We believe, under the record in this case, the testimony was inadmissible.

We reverse the judgment of the trial court and herein render judgment sustaining the pleas of privilege of the non-resident defendants, Reynolds & Huff and Mary O. Huff, and order venue changed as to said defendants to a district court of Smith County, Texas.