**NIAGARA FIRE INSURANCE COMPANY,**
Appellant,

v.

**B. W. REEVES et al., Appellees.**

No. 16551.

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1964.

Brown, Day & Craig, and Sam Day, Fort Worth, for appellant.

Stark & Davey, and Ken R. Davey, Gainesville, for appellees.

RENFRO, Justice.

This is a venue case.

Plaintiffs, B. W., B. J., and Anna Reeves, sued the defendant, Niagara Fire Insurance Company, in Cooke County, to recover the amount of a final default judgment in favor of plaintiffs against Marvin R. Hammons in Cooke County.

Defendant, a foreign corporation, filed a plea of privilege to remove the case to Dallas County, where it maintained its principal office and place of business in Texas.

The plea of privilege was overruled.

Defendant contends the court erred in overruling the plea of privilege because the plaintiffs wholly failed to prove any venue facts which would bring the case within the pleaded exception, sub. 27 of Art. 1995, Vernon's Rev.Civ.St.

Plaintiffs, by petition and controverting affidavit, plead that on the 25th day of March, 1962, defendant issued to J. S. Wilson a standard Texas form policy which provided under "persons insured: The following are insureds under part one: a (with respect to the owned automobile) 2. Any other person using such automobile, provided the actual use thereof is with the permission of the named insured"; that Hammons, while the policy was in force, was in a collision with plaintiffs on the road between Aubrey and Denton in Denton County; the automobile driven by Hammons was owned by Wilson and at the time of the accident Hammons was in the course of his employment with Wilson, or that he was driving the automobile (pickup truck) with the permission, express or implied, of Wilson.

Subdivision 27 provides in part: "Foreign corporations * * * may be sued in any county where the cause of action or a part thereof accrued."

Defendant concedes the pleadings were sufficient to state a cause of action, but denies that plaintiffs proved the allegations.

Defendant takes the position the "cause of action" plead by the plaintiffs stands or falls upon the question of whether or not Hammons had the permission of Wilson to use the pickup on the occasion of the collision.

Plaintiffs state the issues are whether or not there is evidence to support the trial court's implied findings that Hammons had permission, express or implied, or was in the course of employment for Wilson.

Hammons testified: he lived on Wilson's place five miles west of Pilot Point in Denton County; had worked for Wilson 15 years, mostly feeding cattle; part of his job was to feed cattle at Tioga; he had an accident with one of Wilson's pickup trucks about two weeks before the collision in question; Wilson then turned the pickup in question over to him, told him "just to do the feeding" with the truck; he fed the cattle "out there at Tioga" and east of Pilot Point and went to Wilson's two places every day; the day in question was a Sunday and he had gone as usual to feed the cattle at the above named places; after feeding the cattle he had visited his brother's home at Aubrey to pick up some personal belongings, and was going home when the accident occurred; his brother lived 5 miles east of Aubrey and 16 miles from the place where he worked for Mr. Wilson; he knew he was violating Wilson's instructions; Wilson never deprived him of the right to pick up groceries or go to the laundry in the pickup; the truck was in Hammons' possession 24 hours per day, he kept it at his house; witness could "go get a bale of hay, take it in to the gas station * * * or take it in for repairs"; he had stopped in Pilot Point to buy groceries with approval and permission of Wilson; he had permission "to stop on personal missions" on his way back and forth; at the time of the accident he was on the way home.

Wilson testified: when he delivered the truck to Hammons he told him to use it for farm work only, mostly cattle feeding, and not for personal use; Hammons' route in doing his regular work would not "come anywhere near" the point of the accident in question; he turned the truck over to Hammons with full time possession for farm work; it stayed at Hammons' home all the time when not in use; Hammons could take it in or out any time of the day on farm work; Hammons was on farm work the day of the accident when he went to Tioga and east of Pilot Point to feed the cattle; he knew Hammons had no car of his own; he had told Hammons he could stop and get groceries; on the night of the accident he gave one of plaintiffs the name of his insurance agent; he did not tell said plaintiff Hammons was using the truck without permission.

In our opinion the evidence will not support an implied finding that Hammons was in the course of his employment or that he had permissive use as contemplated by the terms of the policy.

The plaintiffs failed to prove venue under subdivision 27, or any other subdivision of Art. 1995.

The judgment of the trial court is reversed and the case ordered transferred to a district court in Dallas County.

Reversed and rendered.