**IDEAL BAKING COMPANY, Appellant,**

v.

**Charles BOYD, Appellee.**

**No. 300.**

Court of Civil Appeals of Texas.

Tyler.

July 13, 1967.

Lawrence & Lawrence, Wm. M. Williams, Jr., Tyler, for appellant.

Eldred Smith, Longview, for appellee.

DUNAGAN, Chief Justice. ·

This is a suit for debt. Appellee, plaintiff in the court below, filed suit in Gregg County, Texas, for commissions which he alleged to be owing to him by appellant, Ideal Baking Company, a Texas corporation, which he had earned while employed by appellant. Appellant filed its plea of privilege to be sued in Smith County, Texas, alleging it was not a resident of Gregg County, Texas; that its principal office is located in Tyler, Smith County, Texas; and that no exception to exclusive venue in the county of its principal office exists. Appellee duly controverted the plea of privilege by sworn affidavit seeking to sustain venue in Gregg County, Texas, under Art. 1995, Vernon's Ann.Tex.Civ.St., Subdivision 23. In his controverting plea, appellee stated that the cause of action arose in Gregg County, Texas, and that appellant maintained an agent and representative for service in Gregg County. The trial court, after a hearing thereon, overruled appellant's plea of privilege and appellant brings this appeal on two points, grouped together, in which it contends that appellee failed to prove, by a preponderance of the evidence, that a cause of action against appellant arose in Gregg County, Texas, and also failed to prove, by a preponderance of the evidence, that appellant had an agent or representative in Gregg County, Texas. These points must be sustained.

The general rule of venue is that a defendant must be sued in the county of his domicile. In order to defeat defendant's plea of privilege to be sued in the domiciliary county, the burden is on the plaintiff to allege *and prove* by a preponderance of the evidence that the case comes within one of the exceptions to Art. 1995, V.T.C.S. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (Tex.Com.App., 1935, holding approved); Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824 (Tex.Com.App., 1931, holding approved); Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845 (Tex.Com.App., 1931, holding approved); Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63 (Tex.Com.App., 1941, holding approved); Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ. App., Tyler, 1965, n.w.h.); Hitchcock v. Pearce, 348 S.W.2d 408 (Tex.Civ.App., Waco, 1961, n.w.h.); Summers v. Skillern & Sons, Inc., 381 S.W.2d 352, 356 (Tex.Civ. App., Waco, 1964, writ dism.).

To maintain his suit against appellant in Gregg County, appellee here relies upon Subdivision 23 of Art. 1995. The pertinent parts of this Subdivision read as follows:

"Suits against a private corporation, * * * may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * * has an agency or representative in such county; * * *"

It is undisputed that appellant is a private corporation. Appellee did not attempt to prove that the appellant's principal office was situated in Gregg County, and, therefore, he could maintain venue under Subdivision 23 in that county only by proving from a preponderance of the evidence one of the following sets of venue facts:

(1) That appellee had, in fact, a cause of action against appellant and that the cause of action, or a part thereof, arose in Gregg County; or

(2) That appellee, in fact, had a cause of action against appellant; that he resided in Gregg County at the time said cause of action or a part thereof arose, and that appellant had an agent or representative in Gregg County.

We will first determine the question of whether appellee established by a preponderance of the evidence that he did, in fact, have a cause of action against appellant. The only testimony offered relevant to the elements or facts constituting the alleged cause of action was the following testimony from appellee Boyd:

"Q  All right.  Your action, Mr. Boyd, is brought upon a failure to pay you a commission or your remuneration for your services, is that the nature of your action?

"A  Yes, sir.

"Q  And did that cause of action arise while you were employed by Ideal Baking Company in Gregg County?

"A  Yes, sir.

"MR. SMITH:  I believe that's all right now.

"MR. LAWRENCE:  Your honor, we believe that's leading and suggestive, it is also a conclusion of law and we do not believe that it is proper and should be before the court and we just object to that testimony being admissible.

"THE COURT:  Rephrase your question.

"MR. SMITH:  Which question?

"THE COURT:  The last part where you asked about the cause of action arising in Gregg County.

"Q  Mr. Boyd, your cause of action is based upon commission or remuneration which you allege is due to you for services which you performed while you were stationed out here at the station on 259?

"A  That is correct, sir.

"MR. LAWRENCE:  We still insist, your honor, that that is improper and—

"THE COURT:  I didn't hear the last one, Mr. Lawrence.  For my benefit will you ask him again, Mr. Smith?

"Q  This action you've brought, Mr. Boyd, is for commission or remuneration you allege is due you by or from Ideal Baking Company during the time you were employed by them?

"A  That's right, sir.

"Q  Is that during the period of time that you were based out here on 259 in Gregg County?

"A  Yes, sir.

\*     \*     \*     \*     \*     \*

"THE COURT:  You introduce your Petition and the file papers and all that?

"MR. SMITH:  Yes, sir, and the Defendant's Plea of Privilege and Controverting Affidavit and Petition.  We close with that sir."

The only fact revealed by the above testimony is the nature of the appellee's alleged cause of action.  None of the probative facts which give rise to the alleged claim were revealed by the testimony.  It is elementary that the "substance" of a cause of action is a necessary venue fact which must be proved by a preponderance of the evidence.  Crawford v. Sanger, 160 S.W.2d 115 (Tex.Civ.App., Eastland, 1941, n.w.h.); Educators Mut. Life Ins. Co. of America v. Skinner, 146 S.W.2d 276 (Tex.Civ.App., Beaumont, 1940, n.w.h.).  Venue facts must be proved just as the allegations of any plea or in the usual way in which proof is required by the party upon whom the burden of proof rests.  Victoria Bank & Trust Co. v. Monteith, supra; Compton v. Elliott, supra.  Venue cannot be established by mere implication.  Burtis v. Butler Bros., 226 S.W.2d 825 (Tex.Sup., 1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (Tex.Sup., 1948); Reynolds & Huff v. White, 378 S.W.2d 923, 929 (Tex.Civ.App.,

Tyler, 1964, n.w.h.). We hold that the above testimony does not constitute the necessary proof by a preponderance of the evidence that appellee had a substantive cause of action against appellant.

▇ Appellee says that he sufficiently pleaded venue facts to maintain his suit in Gregg County, Texas, and no exceptions were leveled to such allegations. Therefore, upon the introduction of his original petition, along with his controverting affidavit, he contends that his burden of proof is met when the allegations in his pleadings are considered in connection with the evidence introduced at the venue hearing. There is no question about the sufficiency of appellee's-plaintiff's petition or the controverting affidavit. However, in a venue hearing, neither the plaintiff's petition nor the controverting affidavit can be considered as evidence of the facts alleged therein. Compton v. Elliott, supra; Sabens v. Smith, 118 S.W. 2d 324, 327 (Tex.Civ.App., Fort Worth, 1938, n.w.h.); Gilley v. Morse, 375 S.W. 2d 569, 570 (Tex.Civ.App., Dallas, 1964, n.w.h.); Wood v. Self, 362 S.W.2d 188, 190, 191 (Tex.Civ.App., Dallas, 1962, n.w. h.); Southern Farm Bureau Casualty Ins. Co. v. Powell, 414 S.W.2d 770, 772 (Tex. Civ.App., Corpus Christi, 1967, n.w.h.) Factual allegations in the petition or controverting affidavit are not evidence of such facts. Plaintiff must produce extrinsic evidence sufficient to establish the allegations in his petition by a preponderance of the evidence. This requirement is supported by considerations of public policy grounded upon the premise that otherwise it would be too easy by mere allegation and statements of conclusions to defeat the defendant's right to be sued at his domicile. Vol. 1, McDonald's Texas Civil Practice, Sec. 4.55(b), pp. 612, 613. We hold, therefore, that the allegations contained in the appellee's original petition are insufficient to supply the above mentioned deficiencies in the proof as to appellee's substantive cause of action against appellant, and, therefore, he has failed to prove

by a preponderance of the evidence that he has any cause of action, or that a part thereof arose, in Gregg County. Cline v. Southwest Wheel & Mfg. Company, 390 S.W.2d 297 (Tex.Civ.App., Amarillo, 1965, n.w.h.).

▇ As mentioned above, appellee could also maintain venue in Gregg County by proving that he resided in said county at the time his alleged cause of action, or a part thereof, arose *and* that appellant had an agent or representative in said county. What we have previously said concerning the failure of appellee to meet his burden of proving a substantive cause of action against appellant necessarily precludes venue under this final portion of Subdivision 23. It should also be pointed out, however, that appellee offered no testimony that he resided in Gregg County at the time his alleged cause of action or a part thereof arose. Neither did he prove by a preponderance of the evidence that appellant had an agent or representative in Gregg County. In this connection, O. P. Schnyder and appellee, Charles Boyd, were the only two witnesses who testified at the venue hearing. It was shown that Schnyder was sales manager for appellant and maintained his offices in Tyler, Smith County, Texas. It was also shown that appellee Boyd performed services for appellant under Schnyder's supervision out of the appellant's place of business in Longview, Gregg County, Texas, which was a distributing point only. Although appellee testified that he was an employee of appellant working as route sales supervisor out of the appellant's distributing plant in Gregg County, he failed to prove by a preponderance of the evidence that his duties were of such a nature as to make him an "agent or representative" within the meaning of the relevant portion of Subdivision 23. Mere proof that the plaintiff was a servant or employee does not constitute him an "agent or representative" within the terms of Subdivision 23. Texas Power & Light Co. v. Adamson, 203 S.W.2d 275 (Tex.Civ.App., Texarkana, 1947, n.w.h.);

Talley v. Shasta Oil Co., 146 S.W.2d 802 (Tex.Civ.App., Texarkana, 1940, n.w.h.).

The burden imposed on the appellee in the instant case is one the courts have predicated upon the belief that the defendant's right to be sued in the county of his domicile is an invaluable right and this right should be vitiated only when the evidence clearly supports the maintenance of venue in some other county. The right to be sued in one's own domicile is a right jealously guarded by the courts, and exceptions to the venue statutes must clearly appear. Goodrich v. Superior Oil Co., 237 S.W.2d 969, 972 (Tex.Sup., 1951); Burtis v. Butler Bros., supra. Unless the plaintiff clearly discharges his burden of proof, the defendant is entitled to have the cause transferred to the county of his domicile. Calhoun v. Padgett, 409 S.W.2d 890, 893 (Tex.Civ.App., Tyler, 1966, n.w.h.); Reynolds & Huff v. White, supra.

Judgment of the trial court is reversed and it is ordered that the cause be transferred to a District Court of Smith County, Texas.