**Jack H. SNYDER, Appellant,**

v.

**Chester STEINBERGER et al., Appellees.**

**No. 11701.**

Court of Civil Appeals of Texas.

Austin.

Oct. 22, 1969.

Turman & Mitchell, Joel Mitchell, Austin, for appellant.

No brief filed for appellees.

O'QUINN, Justice.

This appeal is from an order of a Travis County trial court sustaining the pleas of privilege of Chester C. Steinberger and G. C. Greenwood to be sued in Harris County.

We affirm the action of the trial court sustaining the pleas and transferring the cause to a district court in Harris County.

Jack H. Snyder, a resident of Travis County, brought suit in Travis County, for breach of "a certain contract of employment" plaintiff alleged he entered into in October, 1966, with Chetwood Corporation, having its place of service in Travis County, and with Chester C. Steinberger, a resident of Harris County, and G. C. Greenwood, the corporation's attorney for service. It was shown at the hearing on pleas of privilege that both Steinberger and Greenwood were residents of Harris County.

Snyder has moved to dismiss his appeal as to Steinberger. The motion is granted.

Snyder presents one point of error, under which the contention is made that a default judgment taken January 27, 1969, against Chetwood Corporation, one of the named defendants, "* * * satisfies the requirement of pleading and proving a cause of action against the resident defendant" at the hearing on the plea of privilege.

In elaboration of this contention, Snyder argues that "Since one of the requirements of a default judgment is an allegation of a cause of action; and one effect of a default judgment is an admission by the other party of all material allegations, it logically follows that in the case at bar, appellant has alleged a cause of action against one resident defendant, Chetwood Management & Investment Corporation, and that defendant, by allowing the default judgment to be taken and to stand, has admitted that such a cause of action exists."

■ Whatever admissions or waivers the corporation made, in consequence of the default judgment, were not binding on the individual defendants who timely answered and interposed their pleas of privilege to be sued in Harris County. The burden remained on Snyder as the plaintiff to prove by a preponderance of the evidence that the case was within one of the exceptions provided in the general venue statute. Ideal Baking Company v. Boyd, 417 S.W.2d 613, Tex.Civ.App., Tyler, no writ (1967), and cases cited 417 S.W.2d 615, col. 2; Niagara Fire Insurance Company v. Reeves, 380 S.W.2d 741, Tex.Civ. App., Fort Worth, no writ (1964).

After a hearing on the pleas of privilege, at which Snyder was afforded opportunity to discharge his burden of proof, the trial court correctly found that Snyder "did not establish the existence of any employment contract, written or oral, between him and the [individual] Defendants * * * or between him and" the resident corporation, and "did not establish any of the terms of the claimed employment contract * * *" The findings of the trial court are supported by the evidence.

■ Since Snyder, as plaintiff below failed to establish by a preponderance of the evidence that he had a bona fide cause of action against the resident corporation, whatever cause of action Snyder has against the non-resident defendants must be tried in Harris County, the county of their residence.

The judgment of the trial court transferring the cause to Harris County is affirmed.

Affirmed.