**STERLING NOVELTY CO., Inc.**

v.

**COMMONWEALTH.**

Court of Appeals of Kentucky.

June 4, 1954.

Rehearing Denied Oct. 22, 1954.

Yancey & Martin and David Weil, Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., Paul Mansfield, Commonwealth's Atty., Lexington, for appellee.

CULLEN, Commissioner.

This proceeding was commenced when the Commonwealth filed a motion in the Fayette County Court to condemn and forfeit 142 slot machines, identified in the motion by serial numbers. Sterling Novelty Company, owner of the machines, was designated as the defendant. A jury in county court found that the machines were "ultimately intended to be used for gambling" and judgment was entered ordering their destruction.

An appeal was taken by the Novelty Company to circuit court and the proceeding was tried, over objection of the Company, as a criminal case. The circuit court jury found that the machines "were intended to be used for the purpose of gambling" and judgment was entered in that court ordering their destruction. This appeal is from the circuit court judgment.

Several grounds for reversal are argued in appellant's brief but the decisive question turns on the construction of KRS 436.280, which reads:

"Any bank, table, contrivance, machine or article used for carrying on a game prohibited by KRS 436.230, together with all money or other things staked or exhibited to allure persons to wager, may be seized by any justice of the peace, sheriff, constable or police officer of a city, with or without a warrant, and upon conviction of the person setting up or keeping the machine or contrivance, the money or other articles shall be forfeited for the use of the state, and the machine or contrivance and other articles shall be burned or destroyed. Though no person is convicted as the setterup or keeper of the machine or contrivance, yet, if a jury, in summary proceedings, finds that the money, machine or contrivance or other articles were used or intended to be used for the purpose of gambling, they shall be condemned and forfeited."

The record contains no detailed description of the machines in question, but it is conceded they are ordinary slot machines, sometimes referred to as "one-armed bandits." The machines are not identical in make or description, but all of them have one common characteristic; that is, all of them have a slot which serves as a receptacle for a coin and have a lever designated to be pulled after the coin has been placed in the slot. The machines also have a plate which shows the amount a player may expect to obtain from different combinations of characters or pictures. For instance, the dime machine bears a sign which reads: "Guaranteed Jackpot $12; Tube $2." Some of the machines in question are designed for nickels, some for dimes, some for quarters, and some for silver dollars. It appears from the evidence that some of the machines have already seen use, the exact nature of which is not shown, but except for ordinary wear and tear all of them are in the same condition in which they left the factory.

The machines were seized in a warehouse in Lexington and none of them

contained any money at the time of seizure. Mr. Goldberg, principal stockholder of Sterling Novelty Company, testified that he had not used any of the machines for gambling purposes and had no intention of using them for that purpose. Since there is no testimony to the contrary, we accept that statement as true. On the other hand, it is clear that the machines were purchased by the Novelty Company for the purpose of resale.

The key phrase in the statute is this: "If a jury, in summary proceedings, finds that the money, machine or contrivance or other articles were used or intended to be used for the purpose of gambling, they shall be condemned and forfeited." The key word in the quoted phrase is "intended." The appellant contends that the word "intended" has reference to the intention of the owner or custodian of the machines, and that if he does not intend to use them for gambling purposes there is no violation of the statute. The Commonwealth contends, on the other hand, that the word "intended" as used in the statute has a broader meaning and covers any contrivance or device which is designed for, and ordinarily is used only for gambling, regardless of whether the owner or custodian himself intends to use it for gambling purposes. We agree with the Commonwealth. We think this part of the statute is aimed at the machine or contrivance itself rather than the owner or custodian. We have construed the statute as not even requiring the owner or custodian of the machines to be a party to the action. Three One-Ball Pinball Machines v. Commonwealth of Kentucky, Ky., 249 S.W.2d 144. Consequently, an action may be maintained by the Commonwealth to condemn the machines, even where the owner is unknown.

It is argued by appellant that to place this construction upon the statute is to construe the phrase "intended * * * for the purpose of gambling" as meaning "designed for the purpose of gambling." We think that is exactly what the phrase means. We think it was the intention of the Legislature to give the Commonwealth power to condemn and forfeit those contrivances or devices which are designed for and ordinarily are used only for gambling purposes. This does not mean that the owner or custodian may not avoid condemnation by establishing to the satisfaction of a jury that he actually is using the article, or intends to use it, for a legitimate purpose, but we have no such proof here. In this case, Mr. Goldberg testified that some people use machines of this type "for their homes, rathskellers and different things"; also, that "you can have an attachment on it and use it for mint or gum machines. You can put an attachment on it or have reels on them for fortune-telling." We have no reason to doubt the accuracy of Mr. Goldberg's statement, but it will be noted he did not say that he intended to use these machines for any of the purposes enumerated by him. In the absence of such testimony, we hardly see how the jury could have found the machines were not intended for the purpose of gambling. Everyone who knows what a slot machine is also knows that it is intended to be used for gambling purposes, even though it might conceivably be used for some other purpose. Moreover, the fact that someone person through whose hands the machines might pass does not intend to use them for gambling purposes does not take them out of the prohibition of the statute. Insofar as the Indiana case of State v. Derry, 171 Ind. 18, 85 N.E. 765, holds to the contrary, we do not choose to follow it.

Appellant also complains of the fact the proceeding was tried as a criminal action rather than a civil one. We think the proceeding should have been tried as a civil action because essentially it is an action in rem against the machines, but the error could not have been prejudicial. Since the proceeding was tried as a criminal case, the verdict required the agreement of all twelve jurors; whereas if it had been tried as a civil case, a verdict by nine or more of the jurors would have been sufficient. Clearly, this was an advantage to the appellant.

 Complaint also is made about the instruction given to the jury. Only one instruction was given and since it is short we set it out in full:

"The Court instructs the jury that they will find and state in their verdict whether or not the machines mentioned in the evidence were intended to be used for the purpose of gambling.

"Gambling, as used in this instruction, means any game or hazard where money or anything of value may be won or lost."

It will be noted the instruction follows the language of the statute and we think it properly submitted the only issue in the case.

 The only remaining question is whether certain remarks of the Commonwealth's Attorney and the trial Judge are prejudicially erroneous. Mr. Goldberg was asked on cross-examination if he had registered these machines with the federal government as gambling devices. He answered that he had registered them with the government. The Commonwealth's Attorney, in his argument to the jury, said:

"He is talking about Mr. Goldberg didn't have any intent to use them. I will say to you that he did, because he registered them, under his own testimony, as gambling devices. Now why did he do that if he didn't intend that they would be used for gambling?"

Appellant contends that the remark of the Commonwealth's Attorney was improper because Mr. Goldberg had not testified that he registered the machines as gambling devices. Although Mr. Goldberg did not specifically say he had registered the machines as gambling devices, he did say he had registered them with the government, and the federal law which requires registration of such machines refers only to "coin-operated amusement or gaming device". In the definition which is part of the statute, slot machines are specifically mentioned, and it is apparent they are gambling devices within the meaning of the statute which requires that they be registered. 26 U.S.C.A. § 3267. It follows that the argument of the Commonwealth's Attorney was not improper.

What we have said in regard to the argument of the Commonwealth's Attorney also applies to the remarks of the Judge.

The judgment is affirmed.