**J. C. PENNEY COMPANY, Appellant,**

v.

**J. D. NORRIS and wife, Arleta Maxine Norris, Appellees.**

No. 16818.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1957.

Rehearing Denied Jan. 29, 1958.

George W. Leonard, Jr., Sweetwater, Tex., Mays, Leonard & Moore, Sweetwater, Tex., of counsel, for appellant.

Forrest B. Bowers, Lubbock, Tex., Huff & Splawn, Lubbock, Tex., for appellees.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment for the plaintiffs following a jury verdict in their favor to compensate them for injuries sustained from a fall in the defendant's store. In view of the disposition we feel it necessary to make of the case, only the question as to sufficiency of the evidence to sustain a finding of the defendant's negligence need be discussed. The defendant moved for a directed verdict at the close of the plaintiff's evidence and again at the conclusion of the entire case. It also moved for a judgment n.o.v. after the verdict. The defendant thus preserved for our consideration its attack on the sufficiency of the evidence to support the verdict.

The case made out by plaintiff was substantially as follows:

In the afternoon of June 18, 1956, Mrs. Norris and her friend Mrs. Griffith went to the J. C. Penney store in Sweetwater, Texas. After buying some sun-

dries on the street floor, Mrs. Norris went to examine some merchandise in the curtain department. This part of the store is below the street floor. Access between the two levels is maintained by a flight of five steps. These steps are concrete and are about ten feet long with risers that appear to be of customary height. The treads have lengthwise corrugations moulded in them. A handrail is located in the center of the stairs and there are rails at each end. Mrs. Norris descended these stairs to reach the curtain department. When she had finished looking at the curtains, she ascended the stairs at the same place to the street level. Just as she was putting her foot down on the third or fourth step she saw a soft drink bottle cap on the tread. It was then too late to discontinue the movement of her foot and as soon as it hit the cap she slipped and fell down the stairs, hitting her head on a display table at the lower level. Her back and legs had pained her since the accident and it had been hard for her to sleep. She had been attended by two physicians, neither of whom was called to testify.

Mrs. Norris and Mrs. Griffith were at the curtain counter between 30 to 40 minutes. While there no one else came down the stairs and they did not hear the bottle cap fall on the step. The steps were well lighted.[1]

The only claim of negligence is the presence of the bottle cap. No claim is based on any defect in the stairs, failure to light the area or other improper maintenance. A recitation of the above facts will indicate that the principal question is whether the plaintiffs made out a prima facie case of negligence on the part of the store for its failure to remove the cap.

There is no real difference between the parties as to the standard of proof required to show the defendant in such a case guilty of negligence. The appellees state in their brief that "a storekeeper is likewise liable even though he did not create the danger, if the danger is shown *to have existed for such a time* that in the exercise of ordinary care the storekeeper would have discerned the dangerous article." (Emphasis supplied.) A statement of the Texas law that is consistent with this is found in H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, a case cited by both parties: Under Texas law in order to establish liability against the store owner it is necessary to show:

1. That the defendant put the foreign substance upon the floor, or

2. That the defendant knew the foreign substance was on the floor and wilfully or negligently failed to remove it, or

3. That the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had he exercised ordinary care.

The plaintiff must discharge the burden of proving one of these theories of recovery and although that may of course be done by circumstantial as well as direct evidence negligence must be proved. It will not be presumed. Henderson v. Pipkin Grocery Co., Tex.Civ. App., 268 S.W.2d 703.

Here the plaintiff must rely on the third theory.

"Q. You don't know how long this bottle top had been on this step, do you? A. No, I don't.

"Q. Now, everything about the steps, including the bottle top, was open and obvious and could be seen by a person who looked, could it not? A. Yes, sir.

"Q. And the steps were not wet or dark or slick? A. No."

---

1. On cross examination she testified as follows:

"Q. There was nothing on the steps to keep you from seeing the bottle top any sooner than you saw it, was there? A. No.

"Q. And if you had looked sooner you would have seen it sooner, would you not? A. Well, yes, if I had been looking straight down.
  *  *  *  *  *

The proof, however, fails as a matter of law to support that proposition. There was no direct evidence as to how long the cap was on the steps. Neither were there circumstances from which the jury could infer what length of time had elapsed during which the defendant's agents might reasonably have been required to find and remove it in the exercise by them of ordinary care.

Resolving doubts and questions of credibility in plaintiff's favor, there is evidence from which the jury could have found that Mrs. Norris stayed in the curtain department for 30 to 40 minutes within a distance of 15 feet from the front of the stairs; that there were no other customers in the area during that time and that no one used the stairs; and that nothing was heard either by Mrs. Norris or by Mrs. Griffith indicating that a bottle cap had been thrown or had dropped on the stairs.

The plaintiff's argument is:

"Assuming therefore, that the jury believed Mrs. Norris had been at the curtain tables for thirty or forty minutes during which time the cap was not left on the steps or thrown to the steps, then it is shown circumstantially, if the jury so chooses to believe, that the bottle cap was on the steps at the time Mrs. Norris first descended them. In the light of the surrounding circumstances should the storekeeper have found and removed the bottle cap within such period? That of course, was the question with which the jury was faced."

There is, however, no evidence from which the predicate for the plaintiff's argument can be derived. There is no evidence that the cap did not get onto the steps during the time that Mrs. Norris said she was in the curtain department. There is only evidence that neither Mrs. Norris nor Mrs. Griffith heard or observed the cap drop within that period. In the circumstances here, this negative evidence provides too speculative a support for any inference that the cap had been on the stairs for 30 to 40 minutes.

For us to hold otherwise would amount to our saying the jury could base its finding of negligence on the following chain of inferences: Mrs. Norris was close enough to the stairs to have heard the placing or dropping of the cap on the step if it had been done while she was in the basement. That regardless of whatever else she was doing she would have heard it if the cap had fallen there while she was in the basement; although she did not see the cap when she went down the steps at the same place and holding the guard rail, it must have been there when she came down and thus must have been there 30 to 40 minutes; that since it was there at least 30 minutes a failure of the management to find and remove it within that time was negligence. As to such a tenuous chain of reasoning to supply the proof of negligence we have said:

"The criticism in the field of logic, even though such criticism does not result in an absolute legal prohibition against piling inference on inference, stems from the very remoteness of the conclusion from the known facts." Smith v. General Motors Corp., 5 Cir., 227 F.2d 210, 216.

■ We have not included in the statement of facts the proof admitted over appellant's objection that another woman had fallen on these steps some seven months earlier. We did not include this because the testimony as to that fall was improperly admitted. Clearly the fact that another woman had fallen, without any evidence as to what had caused the fall, was irrelevant to the issue of the time this bottle cap remained on the step in this case, which is the only claimed basis of negligence resulting in the injury. For all that appears in this record the earlier fall may have been due entirely to the fault of the invitee, since no effort was made to show the true facts. Certainly her fall could not have resulted from the presence of the bottle cap whose pres-

388

ence on the step for sufficient time to charge the defendant with notice here is the only claimed act of negligence.

■ We think the trial court should have directed a verdict for the defendant on its motion. Its failure to do so requires reversal of the judgment.

The case is remanded with direction to enter a judgment for the defendant.