**Frank STEELE, Appellant,**

v.

**Harry W. SLADE and W. W. Brown, Appellees.**

**No. 3971.**

Court of Civil Appeals of Texas.

Waco.

Jan. 4, 1962.

Rehearing Denied Jan. 25, 1962.

W. V. Dunnam, Jr., Sam Jones, Waco, for appellant.

Conway, Walker & Brigham, Charles M. McDonald, Waco, for appellees.

WILSON, Justice.

Summary judgment was rendered for defendants in a personal injury action in which plaintiff alleged she slipped and fell at the outdoor entrance to a physician's reception room. Plaintiff pleaded the entrance consisted of a step-up from the sidewalk level, and "the edge of said step-up and the surface thereof for about two inches back from said edge consisted of smooth, slick marble, and at about two inches back from said edge, said surface was covered with a slick metal strip which was about one-half inch higher than the surface of said step-up, rendering uneven the surface of said step-up where the front half of one's foot would ordinarily step"; that the distance from the edge of the step-up to the entrance door was two or three inches; that the step-up was maintained in a slick condition; that it was "where one would ordinarily step at two different levels"; and that defendants' negligence in so maintaining the entrance proximately caused damages sought.

Plaintiff, an invitee, testified by deposition that an injured daughter, whom she accompanied to the offices, opened the door for her; as she "went to go in the door," she looked at the step, and she did see it. The surface was of tile or concrete, and was dry. There was no suggestion it was slippery or slick. She "saw the step, but thought it was larger." She testified, "I knew there was a step there and I knew that I'd have to step." She was 73 years

·old, wore glasses, and her eyesight "does fairly well." She had not been to the office before. Her evidence was "I don't know what caused me to stumble", and "I stepped up on a step going in the door and it wasn't as deep—wasn't as big as I thought it should be, and my foot slipped off and I fell." To her it "looked like it was big enough to step on." She said, "I just stepped up on it and my foot come off of it; it just wasn't as wide—like I say, it just wasn't what I thought it was." The fall occurred about 10:00 A. M. There was no obstruction to plaintiff's view of the entrance.

We think the court was correct in rendering summary judgment. Plaintiff's testimony negatived a slick condition. There is no suggestion the metal strip or the entrance level contributed to the fall. She was asked to state what caused it. Her answer was that she looked and saw the step, but misjudged its width. The record negatives any hidden defect. The entire condition was open, obvious and clearly perceptible.

The owner of premises is not an insurer and has no duty to protect an invitee against alleged dangers which are clearly perceptible and obvious. McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940, 941. Duty of the owner "does not extend to those invitees who know or should know of the existence of the particular condition and who appreciate, or should appreciate its dangers." McKee, General Contractor, v. Patterson, 153 Tex. 517, 271 S.W.2d 391, 393.

Where the condition is open and obvious, is easily perceptible to the invitee, and there is no hidden defect, it is held no fact issue is raised. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376. See also Contreras v. H. E. B. Grocery Co., Tex.Civ.App., 328 S.W.2d 469, 470, writ refused. The record shows only that plaintiff miscalculated, or made an erroneous estimate of what she saw before her. Affirmed.