Juanita Gartrell SMITH, Appellant,

v.

SAFEWAY STORES, INC., a corporation, Appellee.

No. 3563.

District of Columbia Court of Appeals.

Argued Oct. 12, 1964.

Decided Jan. 14, 1965.

Milton M. Burke, Washington, D. C., for appellant.

William A. Mann, Washington, D. C., with whom Allan C. Swingle, Francis C. O'Brien, and William T. Clague, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant sued to recover damages for her injuries caused by a fall in one of appellee's stores. At the conclusion of appellant's case, appellee's motion for a directed verdict was granted, and this appeal followed.

Appellant testified that she went to the store to do some marketing, selected a few items, and then proceeded to the check-out counter where she realized she had forgotten something. As she returned to get it, according to her testimony, she tripped and fell when her foot became entangled in a potato chip rack which extended across the end of a section of shelving and protruded four to five inches into the aisle she was attempting to enter. On cross-examination appellant described the rack as consisting of shiny wire shelves supported by tubular metal legs approximately one inch in diameter tipped with black rubber feet at the bottom. Appellant admitted that the store was well lighted, and that the aisle into which she had started was approximately six feet wide. She testified, however, that she tripped on the rack because it protruded into the aisle and was not clearly visible since only a few bags of potato chips were placed on the lower shelves, thereby making it possible to see directly through it.

The rule is well settled that on defendant's motion for a directed verdict, the evidence must be construed most favorably to the plaintiff, who is entitled to every legitimate inference. Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, cert. denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032. In applying that rule here, however, we find no evidence sufficient to require submission of the question of defendant's negligence to the jury. Appellant's own evidence, including the deposition of a witness, established that there was ample space for passage both in front of and past the ends of the rack, and that the store was not crowded, the nearest person to the plaintiff being some six feet ahead of her in the aisle she was attempting to enter. The rack in question was of the sort ordinarily used in this and other markets for the display of various grocery items, and was being used in the ordinary and customary way. The store was properly lighted, and while the rack's sparsely filled lower shelves may have had a certain transparent quality, there was nothing on or about the rack tending to obscure its outlines.

The duty of a shopkeeper is to keep and maintain his premises, including the aisles, in a reasonably safe condition for the use of his customers. However, the shopkeeper is not an insurer of his customers' safety, and is liable only for injuries resulting from his negligence. And where an ordinary device, such as the potato chip rack involved herein, customarily used in markets for the display of goods and plainly observable with nothing to conceal its presence or outlines, is placed in a well-lighted position with sufficient passageways going by, the shopkeeper should not be found negligent when someone heedlessly collides with it.[1] The law does not impose on a shopkeeper the duty to prevent a careless person from injuring himself.[2]

Affirmed.

---

[1]. See Smith v. Emporium Mercantile Co., 190 Minn. 294, 251 N.W. 265 (1933).

[2]. Lippman v. Williams, 79 U.S.App.D.C. 334, 147 F.2d 150 (1944).