**MEDALLION STORES, INC., Appellant,**

v.

**W. T. EIDT, Appellee.**

**No. 7714.**

Court of Civil Appeals of Texas.

Texarkana.

May 31, 1966.

Rehearing Denied July 5, 1966.

Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellant.

Charles Gallagher, Carter, Gallagher, Jones & Magee, Dallas, for appellee.

FANNING, Justice.

This is an appeal from a verdict and judgment in favor of appellee, a customer of appellant's store, for injuries sustained when he tripped over the corner of a display platform that constituted the boundary of one of the aisles in the store. There was one and only one liability finding against appellant: that appellant, at the

time and on the occasion in question, "had a display platform without merchandise or other tangible objects resting thereon", which act was negligence and a proximate cause. (Special issues 1, 2 and 3) Appellant has timely complied with all the steps in the appellate process. The points of error presented here are germane to assignments in appellant's motion for judgment non obstante veredicto and to disregard certain special issues, its amended motion for new trial, or both of them.

Appellee went into appellant's store for the purpose of purchasing a television set. He and his wife were proceeding down an aisle in search of the television department; on his way he noticed a display of dishes which he thought was "mighty pretty"; the various displays of merchandise were placed upon platforms and were arranged to attract the attention of the customer to the various displays; one of these platforms or "display islands" had no merchandise on it and appellee while looking upwards towards signs in the television department after being told by his wife where to look for them, tripped over the platform or "display island" which had no objects upon it, and received his injuries from tripping over said platform. He did not see the platform or display island and had not been in the store before. He testified that he was looking up toward the television department signs when he tripped over the platform, but further testified to the effect that he guessed that he could have seen it if he had been looking down instead of up. His wife did not see the accident. The witness Crawford testified that he saw the accident and saw Mr. Eidt trip over the platform or display island. There was also testimony to the effect that an employee of the store was changing the display on the platform in question; however this was not being done at the immediate time when Mr. Eidt tripped over the platform in question, however after the accident merchandise or boxes were placed on said platform or display island. Appellee's attorneys, on cross-examination of appellant's witness and employee, Miss Mason, developed, among other things, testimony as to the art of display and the purpose of display to attract the attention of customers.

The type of the display platform in question is shown in Defendant's Exhibits Nos. 1, 2 and 3, photographs of the interior of appellant's store; appellee's wife measured the height of the platform at 4¾ inches and estimated that the platform was 3 or 4 feet wide and 5 or 6 feet long.

It was undisputed that the color of the platform contrasted with the color of the floor and that the store was well lighted. There was testimony to the effect that the display platform was of a standard type and used in "plenty of stores", which was not disputed. There was also testimony to the effect that stores change their displays or display platforms.

The jury in response to issues 4, 10 and 11 found to the effect: (4) that the failure of defendant to use a display platform boxed in at the bottom, at the time and on the occasion in question, was *not* negligence, (10) that at the time and on the occasion in question the display platform in question did constitute an unreasonable hazard to the purchasing public, and (11) that plaintiff at the time he reached the proximity of the platform in question did not have full knowledge of its presence.

There is no evidence or contention that the platform in question was not properly aligned with the other platforms which constituted the boundaries of the aisle. We have examined the photographs of the platforms in the interior of appellant's store and conclude that the platforms are plainly visible, and are open and obvious to anyone who might choose to look at them. The evidence is likewise undisputed that the platforms are plainly visible.

█ Appellee, a customer in appellant's store, was an invitee. A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, writ refused (1949). A retail store is not an insurer of its invited customers.

Parker Food Stores, Inc. v. Pierce, Tex. Civ.App., 374 S.W.2d 699, wr. ref., n. r. e. (1964). The store's liability, if any, must be predicated upon a showing of a breach of a duty. A. C. Burton Co. v. Stasny, supra. (223 S.W.2d 310).

The invitee's case contains at least three essential elements. The first is described in Restatement of Torts, 2d § 343, as follows.

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

In other words, the invitee "is under a burden to prove the presence of a danger on the premises and that the owner knew or ought to have known of that danger." Camp v. J. H. Kirkpatrick Co., Tex. Civ.App., 250 S.W.2d 413, wr. ref., n. r. e. (1952). In the second place, even if the condition is one that constitutes a danger of which the owner knew or ought to have known, the store owner is not liable unless the invitee can overcome the "no duty" doctrine. In this connection see Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368, wherein it was stated:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. Smith v. Henger, 148 Tex. 456, 226 S.W.

2d 425, 20 A.L.R.2d 853 (1950); Genell, Inc. v. Flynn [163 Tex. 632], 358 S.W.2d 543 (1962). His duty is to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a *duty* to take such precautions as a reasonably prudent person would take to protect his invitees therefrom or to warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. This is so, the cases say, because there is 'no duty' to warn a person of things he already knows or of dangerous conditions or activities which are so open and obvious that as a matter of law he will be charged with knowledge and appreciation thereof. This Court said in Harvey v. Seale, 362 S.W.2d 310 (1962):

'And there is no duty whatsoever with respect to conditions that are so open and obvious, with dangers therein so apparent, that the same are or should be known and appreciated by the visitor. One who has no right to enter except by virtue of the landowner's consent can remain off the premises if he does not wish to subject himself to the risk of injury from such conditions. Where he has an opportunity to exercise an *intelligent choice* as to whether the advantage to be gained by his entry is sufficient to justify his incurring the risk, the landowner owes him no further duty to protect him from harm.' [Emphasis throughout is here added.] 362 S.W.2d at 312–313.

"So in a suit by an invitee against the occupier, the invitee must not only prove that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but he must also prove, as part of the plaintiff's case, that the occupier

owed him a *duty* to take reasonable precautions to warn him or protect him from such danger, i. e., the plaintiff must negative 'no duty.' This is the 'no duty' referred to in the cases. Academically, it may be a rather clumsy concept, but it is still the law. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948)".

and in the third place there can be no liability unless the negligence complained of was a proximate cause of the invitee's injuries. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1963).

After carefully reviewing the record in this cause it is our opinion that the judgment of the trial court should be reversed and that a "take nothing" judgment should be rendered in favor of defendant-appellant for the following reasons:

■ 1. There was no evidence of probative force in the record to show that it was dangerous for appellant to have a large, standard display platform, (as shown by this record) in plain sight, without merchandise or other tangible objects thereon. In this connection see the following authorities: 61 A.L.R.2d 122; Smith v. Safeway Stores, Inc., 206 A.2d 264 (D.C.App., 1965); Engdal v. Owl Drug Co., 183 Wash. 100, 48 P.2d 232 (1935); Letiecq v. Denholm & McKay Co., 328 Mass. 120, 102 N.E.2d 86 (1951).

■ 2. There was no evidence of probative force in the record to show that appellant knew or should have known that it was dangerous to have such display platform without merchandise or other tangible objects thereon. In this connection see Camp v. J. H. Kirkpatrick Co., supra (250 S.W.2d 413). There was nothing which occurred prior to appellee's accident which might have served as a suggestion, warning or notice to appellant, that the platform, without display objects upon it, might be dangerous. There was evidence that a prior accident had occurred in appellant's store but it was not suggested that said prior accident was in any manner or in any re-

spects even remotely similar to appellee's accident. In this connection see J. C. Penney Company v. Norris, 250 F.2d 385, 5 Cir. (1957), in which the plaintiff slipped on a bottle cap while descending a stairway in defendant's store, and where the circuit court held that no negligence was shown by testimony that another person had fallen on such steps seven months earlier. Also see Reynolds & Huff v. White, Tex.Civ. App., 378 S.W.2d 923, no writ (1964). The circumstance of appellee tripping over the platform is no evidence of a danger and "the mere fact of falling does not prove the presence of danger * * *" Camp v. J. H. Kirkpatrick Co., supra, (250 S.W.2d 413).

■ 3. Even if it be assumed that there was something dangerous about the platform without display objects upon it, and that appellant knew or should have known of such danger, if any, it is our view that under the undisputed facts of this case, the platform without display objects upon it, and any possible dangers incident thereto, were open, obvious, in plain sight, and clearly perceptible. Therefore under the Texas "no duty" doctrine appellant had no duty to protect appellant, an invitee, from the alleged dangers which were clearly perceptible and obvious. Steele v. Slade, Tex.Civ.App., 353 S.W.2d 329, writ refused (1962); Halepeska v. Callihan, supra (271 S.W.2d 368). Also in this connection see Western Auto Supply Company v. Campbell, Tex., 373 S.W.2d 735 (1964), which quoted with approval the following language from Bohlen, "Studies in the Law of Torts," p. 183:

"The owner's duty rises no higher than that of making the appearance conform to the reality, of making the condition as good as it looks, or of bringing to the knowledge of the visitor that it is as bad as it is. The visitor, having no right to enter the premises, is not entitled to find it safe for his visit; he is only entitled to know its real condition so that he may intelligently make up his mind to accept

or reject the owner's permission to enter it." (373 S.W.2d 738.)

Appellant did not conceal the display platform from appellee; it was not a hidden trap or snare; appellant did not in any way obscure the fact that the display platform had no merchandise or other tangible objects resting thereon. Appellant made the condition as good as it looked, and one who would choose to look, could clearly see what was clearly perceptible, and clearly open and obvious.

4. Even if it be assumed that appellant was negligent "in having a display platform without merchandise or other tangible objects resting thereon", it is our view that under the undisputed facts in this cause the same was not a proximate cause of appellee's fall and injuries.

Proximate cause "embraces at least two distinct concepts, both of which must be present: (1) there must be cause in fact,—a cause which produces an event and without which the events would not have occurred; *and* (2) foreseeability." Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961).

Appellee's theory on the "proximate cause" as well as the "no duty" questions in this case is based upon "attractive display" cases, such as Pewatts v. J. C. Penney Company, 238 F.Supp. 736, Dist.Ct.Penn. (1965). To show appellee's position in this regard with reference to the proximate cause question we quote in part from appellee's brief, as found below.[1]

We have found no Texas cases dealing with the "attractive display" theory. Ap-

---

1. "In considering the evidence on proximate cause Appellant considers only that evidence which is favorable to it and draws therefrom only inferences that are favorable to it. Appellant again says that Appellee was not looking down only because he looked up in response to his wife's statement that she had located the television department. However, he also testified that he was looking up at the television sign hanging from the ceiling. Appellee had been admiring the display of dishes on the other platforms along the aisle so that his attention was distracted from the empty platform located at the corner of the two aisleways. Miss Mason testified that Appellant told her that he was looking at the television displays immediately prior to this fall. Can it be said without question that Appellee would not have seen a display of merchandise on the empty platform if such a display had been there?

\* \* \* \* \*

"Appellant created the situation. An empty display platform was placed at the corner of two aisleways. Merchandise displays were placed upon all other platforms in the area and departmental signs were hanging from the ceiling to be observed by customers entering the store. Miss Mason testified that the merchandise displays were placed upon the platforms as attractively as possible so that customers walking in the aisles would be attracted to them. Appellee while walking down the aisle was looking at and admiring the display of dishes that were placed upon platforms immediately ad-

jacent to the empty platform. While so looking at the display of dishes, Appellee's wife said 'here it is over here' and Appellee looked up and was either looking at the television sign hanging from the ceiling or the display of television sets straight ahead when he tripped and fell. As heretofore pointed out a proper inference from the evidence is that Appellee was in the act of turning to the right or had completed his turn and was attempting to walk down the aisle in which his wife was walking when his right foot caught under the corner of the empty platform throwing him forward to the extent that he stumbled four or five steps, then fell by the side of his wife. Can it be unequivocally stated that if merchandise had been placed upon the platform, Appellee would not have seen it when he made his turn? Would it have been within the peripheral vision of the Appellee as he looked up or as he was walking down the aisle? Reasonable minds could differ. Therefore, proximate cause was a question of fact to be determined by the jury.

"Appellant says that an employee was in the act of changing the merchandise display at the time Appellee entered the store. However, there is no evidence when the employee began removing the merchandise display which had theretofore been on the platform, if any had, and there is no evidence in the record as to when a new merchandise display was placed upon the platform. The only evidence is that immediately after the

·pellant in its brief has pointed out one out of state case in its discussion of the "attractive display" theory. We quote in part from appellant's brief as found below.[2]

■ On the question of "cause in fact" we make the following observations. The testimony of appellant's wife, who did not see her husband fall, was no evidence of causation. Her testimony only proved the fact of the accident, not the cause. There was no evidence of causation in the testimony of Mr. Crawford. Mr. Crawford's description of the accident was that appellee was walking "pretty fast" ahead of his wife and "tripped" over the corner of the display platform. Appellee's testimony on the point is to the effect that he did not know what caused him to fall, that he was looking up at the television signs after his wife's statement to the effect as to the location of the television department, and

fall the employee placed some boxes on the platform in question.

"The empty platform, situated as it was, was a cause in fact of Appellee's injury, and a fact question existed in regard to proximate cause.

\* \* \* \* \*

"Appellant created the situation in the case at bar and should have foreseen that a customer while walking down the aisle admiring the merchandise displays or looking for a departmental sign would be injured in some manner by failing to observe the empty display platform while walking straight or when turning from the east-west aisle-way to the north-south aisleway at the corner where the empty platform was situated. It is a matter of common knowledge that customers in a store do not execute a military turn in going from one aisle to another. Pewatts v. J. C. Penney Company, 238 F.Sup[p]. 736, supra.

"Under the evidence of this case proximate cause was a fact question for the jury. \* \* \*"

2. "The first question presented by this appeal, is, therefore, under the above undisputed and indisputable facts, does the single circumstance that the display platform had no 'merchandise or other tangible objects resting thereon' constitute, in and of itself, a condition which is sufficient to fasten liability upon the store owner? We know of only one case in which such a thing has even been suggested, and it was there held that the plaintiff-invitee had produced no evidence of whatever of negligence. The case is Smith v. Safeway Stores, Inc., 206 A.2d 264 (D.C.App., 1965.)

"In the *Smith* case, the plaintiff tripped over a display rack in a grocery store and brought suit against the store for her injuries. The evidence showed that (as here) there was plenty of room for passage alongside the rack, that (as here) the store was not crowded, that (as here) the rack was of the sort ordinarily used for display of merchandise, that (as here) the store was adequately lighted, and that (as here) there was nothing on or about the rack tending to obscure its outlines. The plaintiff contended, however, that the rack 'was not clearly visible since only a few bags of potato chips were placed on the lower shelves, thereby making it possible to see directly through it.' (206 A.2d 265.) The trial judge granted the store's motion for a directed verdict, and the District of Columbia Court of Appeals affirmed. The appellate court held:

'The rule is well settled that on defendant's motion for a directed verdict, the evidence must be construed most favorably to the plaintiff, who is entitled to every legitimate inference. Jackson v. Capitol Transit Co., 69 App. D.C. 147, 99 F.2d 880, cert. denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032. In applying that rule here, however, we find no evidence sufficient to require submission of the question of defendant's negligence to the jury. \* \* \*

'The duty of a shopkeeper is to keep and maintain his premises, including the aisles, in a reasonably safe condition for the use of his customers. However, the shopkeeper is not an insurer of his customers' safety, and is liable only for injuries resulting from his negligence. *And where an ordinary device, such as the potato chip rack involved herein, customarily used in markets for the display of goods and plainly observable with nothing to conceal its presence or outlines, is placed in a well-lighted position with sufficient passageways going by, the shopkeeper should not be found negligent when someone heedlessly collides with it. The law does not impose. on a shopkeeper the duty to prevent a careless person from injuring himself.'* (206 A.2d 265, emphasis added.)"

that he guessed he could have seen the display platform if he had been looking down.

We think it is entirely too speculative to guess or surmise that if there had been display items on the platform in question at the time of appellee's accident, that the same would have diverted appellee's attention and caused him to look down and see the platform and avoid tripping over or running into it, especially when he was intent on locating the television department and had heard the statement made by his wife, and when he wanted to look up and was looking up. We hold that there was no evidence of "cause in fact" on the question of proximate cause. In this connection see Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961), and Reynolds & Huff v. White, Tex.Civ.App., 378 S.W.2d 923, no writ (1964).

With respect to the "foreseeability" aspect of proximate cause, it is our further view that there was no evidence of probative force to support a finding that the defendant-appellant could have foreseen that injury to the plaintiff-appellee would result from the alleged negligence; if there was any negligence. In this connection see the following authorities: Texas & Pacific Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162 (1896); Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962). Appellant was required to foresee that appellee would enter the store, but it was not required to foresee the chain of circumstances that caused his injuries. We do not think that appellant can be properly charged with the ability to foresee that appellee's attention would be diverted to such an extent either by his wife's statement or his own intent desire to locate the television department, and that in a well lighted store, appellee would trip over the corner of a large and obvious platform, and it would be unusually speculative to surmise that if the platform had had some display objects upon it, that this would have diverted or re-diverted appellee's attention to same, in order to cause him to look down, especially when it is apparent that both at his own intent and also by reason of his wife's statement, he wanted to look up and was looking up to locate the television department. In so doing, he failed to look at the platform which was clearly visible, open and obvious and clearly perceptible to anyone who chose to look at it. Could the entire chain of events have been reasonably foreseen by appellant, short of prophetic ken? We think not. In Texas & Pacific Railway Co. v. Bigham, supra, (90 Tex. 223, 38 S.W. 162) it was stated: "[N]othing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff."

Each of the foregoing reasons, in and of itself, would require that the judgment of the trial court be reversed and judgment here be rendered that appellee take nothing from appellant. Appellant's points which raise the questions above discussed are sustained.

For each and all of the reasons above stated, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing from appellant.

Reversed and rendered.

CHADICK, C. J., concurs.

DAVIS, J., dissents.

DAVIS, Justice.

I dissent. A careful study of the law and facts will reveal otherwise. I would affirm the judgment.