WALKER'S SERVICE AND EQUIPMENT
COMPANY, Appellant,

v.

Mary SHIPP et al., Appellees.

No. 541.

Court of Civil Appeals of Texas,
Tyler.

April 15, 1971.

Wynne & Wynne, B. J. Wynne, Wills Point, for appellant.

Lapin, Lapin & Newman, Mart Lapin, Kilgore, for appellee, Mary Shipp.

Kenley, Boyland, Hawthorn & Starr, Blake C. Erskine, Longview, for appellees, R. C. Johnson, Jr. and Mary Emde, d/b/a Highland Park Launderette.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. The plaintiff, Mary Shipp, instituted suit in the nature of a tort action against defendants, R. C. Johnson, Jr. and Mary Emde, d/b/a Highland Park Launderette in Gregg County, Texas. The defendants, being residents of Gregg County, answered and then filed a third party cross-action for contribution and indemnity against Walker's Service and Equipment Company, appellant herein. Appellant duly filed a plea of privilege seeking to have the cause transferred to Van Zandt County, Texas, the county of its domicile. Subsequently, plaintiff Mary Shipp filed her second amended original petition joining Walker's Service and Equipment Company as a party defendant. After the second amended petition had been filed, appellant Walker's Service and Equipment Company filed its second plea of privilege. Plaintiff, Mary Shipp, as well as cross-plaintiffs, Johnson and Emde, duly filed controverting affidavits alleging venue was properly laid in Gregg County under subdivision 4 of Article 1995, Vernon's Ann.Civ.St.

After a hearing, the trial court overruled appellant's plea of privilege as to the cause of action asserted by plaintiff, Mary Shipp. The court also overruled appellant's plea of privilege as to the third party action brought by Johnson and Emde. Walker's Service and Equipment Company, hereinafter referred to as "appellant", duly perfected this appeal.

Subdivision 4 of the venue statute, Article 1995, supra, provides as follows:

Subdivision 4: "Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

The essential venue facts which a plaintiff is required to prove under subdivision 4 of the venue statute are: (1) One defendant resides in the county of

suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff must plead and prove by a preponderance of the evidence each element of a bona fide cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; James v. Drye, 159 Tex. 321, 320 S.W.2d 319; McDonald, Texas Civil Practice, Vol. 1, sec. 4.10.1.

Appellant urges by its first and second points that the trial court erred in refusing to grant its plea of privilege to be sued in Van Zandt County because the evidence offered by plaintiff, Mary Shipp, failed to establish a cause of action against Johnson and Emde, the resident defendants. Therefore, appellant says that venue was not maintainable against it in Gregg County under the provisions of subdivision 4 of the venue statute. We have concluded that this contention must be sustained.

As grounds for cause of action plaintiff Mary Shipp alleged that on the occasion in question she entered the launderette owned by Johnson and Emde for the purpose of washing and drying her clothes and was therefore a business invitee. She alleged that while in said place of business she sat down in a chair provided by the defendants and as she did, the same immediately collapsed and she fell to the floor, suffering personal injury to her body. She alleged that the chair was defective and dangerous; that the defective condition was not open and obvious and the defect was unknown to her; that Johnson and Emde knew or should have known of the defect and were guilty of negligence in supplying a defective and dangerous chair and in failing to inspect same and warn her of the danger. As grounds for a cause of action against appellant, Walker's Service and Equipment Company, she alleged that the chair was sold to Johnson and Emde by appellant and at the time the same was sold it was in a defective condition; that appellant breached its implied warranty

of fitness and merchantability which was a proximate cause of her injury. She further alleged that appellant failed to inspect the chair prior to delivery and that such negligence proximately caused her injury.

On the hearing of the plea of privilege, appellee, Mary Shipp, offered the testimony of two witnesses.

Mrs. Emde, one of the original defendants, testified that she lived in Kilgore, Gregg County, Texas, and that in conjunction with her partner, Mr. Johnson, she operated businesses in Kilgore, one of them being Highland Park Launderette. This was the extent of her testimony. The appellee Mary Shipp testified by deposition that on the day of the occurrence she carried her laundry to the Highland Park Launderette, that she went to the launderette quite regularly, and on previous occasions, she had sat in the chairs provided by defendants. She testified that there was an attendant there but that she did not know her name. After she had placed her clothes in the dryer, she testified that she went over to a table that had chairs placed around it; that the chair she selected to sit down in was a contour plastic type chair with a solid seat and back with four legs. When she sat down, the chair collapsed and she fell to the floor. While she testified that she did not examine the chair after the accident, she testified that the legs just went out from under it. No other evidence was offered with respect to the condition of the chair, nor was there any testimony that appellant sold the chair to Johnson and Emde.

It is undisputed that Mrs. Shipp was a business invitee of defendants Johnson and Emde. The well settled rule is that the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and discover dangerous conditions. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d

543 (1962); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Sup.Ct., 1963); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853. His duty is to protect his invitees from dangers of which he, the occupier, knows or (because of his duty to inspect) of which he should know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom and to warn them thereof. Halepeska v. Callihan Interests, Inc., supra. This would include the exercise of reasonable care in making an inspection and discovering the condition which, if known to him, he should realize as involving an unreasonable risk. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538, 539 (Sup.Ct., 1968). The proprietor of a store, shop or other place of business is not, however, the insurer of the safety of his invited customers. 40 Tex.Jur.2d, sec. 69, p. 555. Proof of facts showing a duty on the part of the landowner and a breach thereof are essential elements of a plaintiff's case. Camp v. J. H. Kirkpatrick Co., 250 S.W.2d 413 (Tex.Civ.App., San Antonio, 1952, writ ref., n. r. e.); Medallion Stores v. Eidt, 405 S.W.2d 417 (Tex. Civ.App., Texarkana, writ ref., n. r. e.).

Plaintiff's claim against defendants, Johnson and Emde, was based upon specific acts of negligence. There were no pleadings invoking the doctrine of res ipsa loquitur and plaintiff does not contend that the judgment may be sustained on that basis. In support of the judgment plaintiff argues that the occurrence alone amounts to some evidence of probative force showing that the chair was defective and defendants were negligent in failing to inspect, discover and warn of the danger causing her injury.

So far as this record shows, the owners of the launderette had no actual knowledge of any defect in the chair, nor is there any evidence showing that the owners had notice of facts which would put them on notice that a defect existed. It thus appears that the only basis for the trial court's implied finding of negligence rests upon a finding that some defect existed; that defendants, Johnson and Emde, breached their duty to inspect and that such breach of duty was negligence proximately causing plaintiff's injury, even though there is no negligence of a defect or failure to inspect. The only circumstances tending to show that no inspection was made was the fact that the chair collapsed, i. e., the fact that the chair collapsed shows that it had not been inspected. As stated, the record fails to contain any evidence, circumstantial or otherwise, showing the chair was defective, other than the fact that it collapsed. Since there is neither evidence showing a failure to inspect nor any evidence showing a defect that could have been detected by inspection, we do not believe the record justifies the trial court's implied finding of negligence and proximate cause. In so holding, we are persuaded by the language used by the Supreme Court of this State in Texas Sling Company v. Emanuel, 431 S.W.2d 538 (Tex.1968). Justice Norvell, speaking for the Court said:

"It is one thing to imply negligence generally from the happening of an event, but quite another thing, when the defect in an instrumentality is unknown, to infer that the cause of the unknown defect would have been discovered had an inspection been made. In attempting to construct a bridge with these presumptions having no factual basis, the argument seems to run as follows: We do not know the specific cause of the event, but we assume that it was negligent in nature because the resulting event or accident would not have occurred in the absence of negligence and then, having thus established negligence, we supply the previously unknown cause by the simple assumption that there being no other explanation, we will simply infer that the unknown defect would

have been discovered had an inspection been made.

"General negligence is a recognized basis of tort liability, but the rules relating thereto are rather formalized and must be followed if a recovery is to be sustained upon that theory. A case tried upon specific acts or omissions of negligence is a different type of action. However, in the present case, the establishment of general negligence is reached by reasoning similar to that employed in a res ipsa loquitur case. The root issue—failure to inspect—generally the first to be decided, is reached by a species of backward reasoning, so to speak. It is an interesting but unsound technique. * * * "

On the issue of proximate cause, it would be necessary to go further in the realm of surmise and conjecture. In this connection, it is urged that had a proper inspection been made, plaintiff would not have been injured. This, despite the fact that the specific defect causing the chair to collapse, is not known. To reach this result, one must first presume that an inspection was not made, then presume that had an inspection been made, it would have disclosed the defect which caused the chair to collapse. This conclusion could be based only upon the fact that the chair collapsed.

A presumption of a fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. Ft. Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130; Texas Sling Company v. Emanuel, supra.

In Camp v. J. H. Kirkpatrick Co., supra, it is stated:

" * * * 'The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon.' 38 Am.Jur., Negligence, sec. 97. * * * "

■ The chair was not offered in evidence and there was no testimony showing that Johnson and Emde had either actual or constructive notice of its defective condition or that the defect was such that it could have discovered it by inspection. Without proof that defendants Johnson and Emde either knew or should have known of the dangers, there could be no breach of duty and negligence. Plaintiff having failed to discharge her burden of establishing a cause of action against the resident defendants for negligence in Gregg County, venue against the non-resident appellant cannot be sustained under subdivision 4 of the statute.

In view of the foregoing conclusion, plaintiff's cause of action against appellant for breach of warranty became an independent action against a single non-resident defendant. Consequently, this cause of action must be treated as an independent suit and the venue thereof must be tested upon the merits. When so tested, it becomes clear that venue cannot be maintained in Gregg County because of the lack of any proof connecting appellant with the occurrence. While plaintiff alleged that the chair was sold to Johnson and Emde by appellant, plaintiff offered no proof whatever of such fact, nor was there any proof showing that the chair was defective when delivered approximately three months prior to the occurrence in question.

■ By the third and final point, appellant contends that the trial court erred in overruling its plea of privilege to the third party action asserted by Johnson and Emde for contribution and indemnity. In this connection appellant urges that since plaintiff failed to establish a cause of action in Gregg County upon her main suit, the

third party cross-action against it cannot be maintained in Gregg County under either subdivision 4 or any other subdivision of the venue statute. This contention must likewise be sustained. As stated, plaintiff failed to satisfy the provisions of subdivision 4 in that she failed to prove a bona fide cause of action against the resident defendants. Appellant thus became entitled to have plaintiff's cause of action transferred to Van Zandt County. Under these circumstances, the third party action against appellant is left standing alone as an independent action. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776. With respect to this action, there is no resident defendant in Gregg County. The provisions of subdivision 4 are therefore inapplicable, and third party plaintiffs cannot maintain venue under this subdivision. Moreover, by failing to offer any evidence upon the venue trial, third party plaintiffs failed to make any proof whatever connecting appellant with the chair·in question. It is argued, however, that venue should be sustained in Gregg County because it would be more convenient to try both the question of liability as well as contribution indemnity in one suit. This is no doubt true, but in view of the provisions of Article 1995 providing that no person may be sued in any county outside his residence except in certain instances therein named, we would not be justified in engrafting an additional exception to the statute merely to avoid a multiplicity of suits. Union Bus Lines v. Byrd, supra.

The judgment of the trial court is accordingly reversed and remanded with the instruction that the cause of action asserted by plaintiff Mary Shipp, as well as the third party action asserted by Johnson and Emde against Walker's Service and Equipment Company be transferred to the District Court of Van Zandt County, Texas.

Reversed and remanded.