C. B. CHANEY, Appellant,

v.

The COLEMAN COMPANY, INC., et al., Appellees.

No. 19553.

Court of Civil Appeals of Texas, Dallas.

June 9, 1978.

Rehearing Denied July 11, 1978.

Virgil T. Seaberry, Jr., Turner, Seaberry & Warford, Eastland, for appellant.

E. Glen Johnson, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Robert M. Greenberg, Dallas, for appellees.

AKIN, Justice.

This is an appeal from an order overruling the plea of privilege of appellant C. B. Chaney, a third-party defendant. The plaintiff in the original action, who is not a party to this appeal, sued the Coleman Company, Graham Homes and Bob Parsons in Dallas County. Subsequently, appellees the Coleman Company and Graham Homes, filed a third-party action against Chaney for contribution and indemnity. The original plaintiff sought no relief from him. Chaney then filed his plea of privilege to have the third-party action transferred to his residence, Eastland County. Appellees sought to sustain venue under Tex.Rev.Civ. Stat. art. 2212a, § 2(g), Tex.Rev.Civ.Stat. Ann., art. 1995, §§ 4, 29a, and 30. The trial court overruled the plea and appellant appeals.

Appellees contend that since the third-party action is for contribution, venue is proper in Dallas County under Tex.Rev. Civ.Stat.Ann., art. 2212a, section 2(g) (Vernon Supp.1978). Article 2212a, section 2(g) provides:

All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that *a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant.* [Emphasis added]

Appellant contends that this section is not applicable because he was not a defendant in the primary suit. We agree with appellant. The first phrase of article 2212a, section 2(g), states that *all claims for contribution between named defendants* shall be determined in the primary suit. This language does not apply to appellant because he is not a "named defendant" in the primary suit. Moreover, appellant is a person "not a party in the primary suit who has not effected a settlement with the claimant" in the primary suit. *See Maintenance & Equipment Contractors v. John Deere Company,* 554 S.W.2d 28, 30 (Tex.Civ.App. —Houston [14th Dist.] 1977, no writ). Thus, article 2212a, section 2(g) is unavaila-

ble to sustain venue in Dallas County with respect to appellant. As we read this statute, it would only apply if Chaney were a named defendant in the primary suit or if he were a joint tortfeasor, not a party to the primary suit, who had settled with the primary plaintiff. *Winningham v. Connor,* 552 S.W.2d 579, 583 (Tex.Civ.App.—Tyler 1977, no writ); *LaSorsa v. Burr,* 516 S.W.2d 265, 269 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Goodyear Tire & Rubber Co. v. Edwards,* 512 S.W.2d 748, 753 (Tex.Civ.App.—Tyler 1974, no writ). In all of these cases, the third-party defendant was also a party defendant in the primary suit, whereas here Chaney was not a defendant in the primary suit. Consequently, we hold that venue under art. 2212a, § 2(g) may not be sustained in Dallas County as to appellant.

Appellees also argue that venue for the third-party action is proper in Dallas County under subdivision 30 of article 1995, Tex. Rev.Civ.Stat.Ann. (Vernon 1964), which provides that special venue provisions of other statutes are controlling. Since we have held that venue is not controlled by article 2212a, § 2(g), and no other special venue statute is cited, venue of the third-party action must be determined under the other provisions of article 1995.

Appellees next argue that since venue is proper in Dallas County as to the defendants in the primary suit, subdivisions 4 and 29a of art. 1995 apply to hold venue in Dallas County as to the third-party defendant Chaney. We cannot agree because this contention ignores the fact that a third-party action is a distinct and severable cause of action. *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774, 776 (1944). Thus, subdivision 4 is inapplicable since there is but one defendant in the third-party action. *See Walker's Service and Equipment Company v. Shipp,* 466 S.W.2d 621, 626 (Tex.Civ.App.—Tyler 1971, no writ). Additionally, subdivision 29a is inapplicable because it may only be used in conjunction with another subdivision of article 1995 and no other subdivision has been asserted here, other than subdivision 4 which we have concluded does not apply.

For these reasons we hold that the trial court erred in overruling appellant's plea of privilege. Accordingly, we reverse the order of the trial court overruling appellant's plea of privilege and transfer the third-party action for contribution and indemnity to Eastland County.

Reversed and rendered.