The STATE of Texas, et al., Appellants,

v.

Charles C. REED, Appellee.

No. 18593.

Court of Appeals of Texas, Fort Worth.

Dec. 23, 1981.

Mark White, Atty. Gen. and Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for appellants.

Gary C. Crapster, Dallas, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

This is a venue case. Leslie Odell Winsett and wife, referred to as Winsetts, sued Charles C. Reed, in a Tarrant County District Court as a result of an automobile collision which actually occurred at the intersection of Kiest Boulevard and Walton Walker Boulevard in Dallas County, Texas. The Winsetts petition alleged, however, that the intersection was in Arlington, Tarrant County, Texas, and further alleged several acts of negligence against Reed which was a proximate cause of the collision. Reed, a resident of Fort Worth, Tarrant County, Texas, did not file a plea of privilege, but instead brought a cross-action against the State of Texas, hereafter referred to as State, under the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 sec. 5 (1970). The cross-action

asked for contribution against State in the event Reed was held liable to the Winsetts, alleging that the State was guilty of negligence in constructing a visual obstruction to vehicular traffic in the intersection in question.

State thereafter filed a plea of privilege to be sued on the cross-claim in Dallas County under art. 6252–19 sec. 5, claiming that since the cause of action arose in Dallas County venue as to the State was in Dallas County. The trial court overruled State's plea of privilege and maintained venue as to both the primary action against Reed and the cross-action by Reed against State in Tarrant County.

We reverse and remand and order the cross-action against State transferred to the District Court of Dallas County, Texas.

Reed first contends that venue as to his cross-action lies in Tarrant County, because a part of the cause of action arose there. He argues that while the collision occurred in Dallas County, that a part of the cause of action, his part, arose in Tarrant County, because that is where he is sued and is where he will be required to respond in damages if the Winsetts obtain a judgment against him. We disagree with this contention. Article 6252–19, sec. 5 is a special venue statute which reads: "All cases arising under the provisions of this Act shall be instituted in the county in which the cause of action or a part thereof arises."

Since the collision occurred in Dallas County and since the alleged negligence of the State on which Reed's cross-action is based also occurred in Dallas County, we think it is clear that the entire cause of action occurred in Dallas County. If the Winsetts had sued State as a defendant in the Tarrant County suit, claiming negligence of the State in Dallas County, it is clear that venue as to the State would be in Dallas County. We see no distinction merely because the negligence alleged against State is in a cross-action. It still occurred, if it occurred, in Dallas County. If Reed has a cause of action for contribution that cause of action arose in Dallas County be-

cause of the negligence, if any, of the cross-defendant, State.

Appellee then argues that if this court holds that art. 6252–19 sec. 5, applies in this case so that venue would be in Dallas County, that Tex.Rev.Civ.Stat.Ann. art. 2212a sec. 2(g) (Supp.1980–81) requires his claim for contribution to be heard in Tarrant County. This statute, which is the comparative negligence statute, states: "All claims for contribution between named defendants in the primary suit shall be determined in the primary suit except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant.

 It is Reed's position, basically, that the State is a defendant in the primary action pending in Tarrant County and that the cross-action for contribution against the State should be heard in the primary suit. We cannot agree.

The primary purpose of art. 2212a, sec. 2(g) is to fix venue in the county of suit for all claims for contribution between *named defendants in the primary suit.* While the language of the statute perhaps could be more precise, the exception means that a party named a defendant in the primary suit may proceed with a claim for contribution against one not a party to the primary suit who has not settled with the claimant. Once this is done, as it was in this case, that third party defendant has recourse to his venue and other rights. We think that the cross-defendant State fits into this pocket perfectly.

It is clear to us that the requirement that all claims for contribution be determined in the primary suit is confined to defendants originally named in the primary suit and does not extend to a third party defendant later joined by an original party defendant seeking contribution. See *Chaney v. Coleman Co., Inc.,* 567 S.W.2d 882, (Tex.Civ.App.-Dallas 1978) and *Blair v. Thomas,* 604 S.W.2d 471, (Tex.Civ.App.-Dallas 1980).

*Chaney, supra,* presents an almost identical situation to the one in this case. In *Chaney* the plaintiff sued three defendants, two of whom filed a third-party action against Chaney for contribution and indemnity. The original plaintiff sought no relief from Chaney, just as plaintiff (appellant) here sought no relief against the State. Appellees sought to sustain venue under art. 2212a sec. 2(g) and the trial court overruled Chaney's plea of privilege. Appellant Chaney contended that this section was not applicable because he was not a defendant in the primary suit. The Dallas Court of Civil Appeals agreed and reversed, saying:

"We agree with appellant. The first phrase of article 2212a sec. 2(g) states that all claims for contribution between named defendants shall be determined in the primary suit. This language does not apply to appellant because he is not a 'named defendant' in the primary suit. Moreover, appellant is a person 'not a party in the primary suit who has not effected a settlement with the claimant in the primary suit.' "

Appellant State here is in the identical position that the Appellant Chaney was.

*Blair v. Thomas, supra,* is also in point. In that case plaintiffs originally sued Blair, a resident of Grayson County, and Thomas, a resident of Denton County, in Grayson County, for negligence as a result of an automobile collision. Plaintiff's action against Thomas was transferred to Denton County on a plea of privilege which was uncontroverted. Blair then filed a third party action for contribution against Thomas in the Grayson County suit. Thomas then filed another plea of privilege which was sustained by the trial court. Appellant Blair relied on art. 2212a sec. 2(g) to maintain venue in Grayson County. Thomas maintained that venue does not lie in Grayson County under this section because Blair's third party action was not a claim "for contribution between named defendants in the primary suit." The trial court sustained the plea of privilege, and the Dallas Court of Civil Appeals agreed, saying that once Thomas's original plea of privilege was sustained and the action against him transferred to Denton County, he was no longer a "named defendant" in that ac-

tion. It was stated: "After such a severance, (transfer of the action on the plea of privilege), the posture of each action is the same as if only one defendant had been sued. In that situation, a third-party action for contribution is not a claim 'for contribution between named defendants', and, consequently, venue of the third-party action is not governed by article 2212a."

In support of his position that art. 2212a sec. 2(g) does apply to fix venue in Tarrant County in this case, Reed relies on *Gonzales v. Blake*, 605 S.W.2d 634 (Tex.Civ.App.-Houston [1st Dist] 1980); *State Department of Highways, Etc. v. Hardy*, 607 S.W.2d 611, (Tex.Civ.App.-Tyler, 1980, writ dism'd); and *Chadwick v. Mallard & Mallard, Inc.*, 603 S.W.2d 312, (Tex.Civ.App.-Beaumont, 1980, writ dism'd). These cases do not support Reed's position; they are all distinguishable on their facts because in each of these cases the third-party plaintiff and the third-party defendant in the cross-action for contribution were all originally party defendants in the primary action filed by the plaintiff.

For the reasons stated we hold that the State's plea of privilege should have been sustained and the action for contribution against it transferred to Dallas County. Accordingly, we reverse the order of the trial court overruling State's plea of privilege and order the third-party action for contribution transferred to Dallas County.